# EXHIBIT 1

## Exclusive Option Agreement

On _9/26/18_ , _Michael Hufnagel_ and _Thomas Hufnagel_ _____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | _1813 E Memorial EL Reno OK_ |
| Tax Parcel Nos. | _331154-092002-000000_ |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein.  This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project.  CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property.  The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Thomas Hufnagel_
Print Name:

Sign _Thomas Hufnagel_
Print Name:

x _Mike Hufnagel_

Print _Mike Hufnagel_

**Central Land Consulting, LLC**

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Thomas Hufnagel_
(signature)

_x yMike Hufnagel_

_Thomas Hufnagel_
(print name)

_Print Mike Hufnagel_

_PO Box 692 OKArche, OK 73762_
(print address, city & state)

## Exclusive Option Agreement

On _9-26-18_, _Mark and Carrie      Massey_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1157 SW Gin Rd, Minco, OK 73059 |
|---|---|
| Tax Parcel Nos. | 0000-30-10N-07W-1-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign X MARK MASSEY
Print Name:

Sign X Carrie Massey
Print Name:

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me; you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

X _Mark Massey_ & MARK MASSEY
(signature)

X _Carrie Massey_ Carrie Massey
(print name)

1157 Sw Gin Rd     Minco OK
(print address, city & state)          73059

## Exclusive Option Agreement

On _September 7, 2018_, _Betty J. Johnston & Jimmy W. Johnston_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 5600 S. Country Club Rd. El Reno, OK 73036 |
|---|---|
| Tax Parcel Nos. | 271094-000000-000000 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign _Betty J. Johnston_
Print name: _Betty J. Johnston_

Sign _Jimmy Johnston_
Print name: _Jimmy Johnston_

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_____
(signature)

~~Jimmy Johnston~~
(print name)

5600 South county Rd5 Rd. El. Rcnu
(print address, city & state)

Betty J. Johnston

Betty J. Johnston

## Exclusive Option Agreement

On _September 27 2018_, _Connie Gayle Huseman, aka Connie Rowe Taylor_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC**
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1883 N Main St , Alex, OK 73011 |
|---|---|
| Tax Parcel Nos. | 0000-21-05N-05W-2-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
_Print name under signature_

LLC (if applicable):

Sign _Connie Gayle Huseman_
Print name: _Connie Gayle Huseman_

Sign _Connie Rowe Taylor_
Print name: _Connie Rowe Taylor_

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Connie Gayle Huseman_          _Connie Rowe Taylor_
(signature)
Connie Gayle Huseman

_____              _Connie Rowe Taylor_
(print name)

_1883 N. Main Street, Alex, OK  73002_
(print address, city & state)

## Exclusive Option Agreement

On September 20, 2018 , Shana & Johnathan Elledge Family Trust
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 4126 County Street 2980, Bradley, OK 73011 |
|---|---|
| Tax Parcel Nos. | 0000-26-04N-05W-4-003-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Shana Elledge_

Trustee
Print name: Shana Marie Elledge

Sign _[signature]_

Trustee
Print name: Johnathan Eugene Elledge

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

Shana Elledge

(signature)

Shana Elledge          Johnathan Elledge
(print name)

4126 CS 2980  Bradley OK 73011
(print address, city & state)

## Exclusive Option Agreement

On September _27_, 2018, Ralph E. Schaefer (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 3810 S 100 E Ave Tulsa, OK 74146 |
|---|---|
| Tax Parcel Nos. | 0000-32-15N-08W-1-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _____

Print name: Ralph E. Schaefer

Sign _Ralph E Schaefer_

Print name:

Central Land Consulting, LLC

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re: Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed. I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"); that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting. At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Ralph E Schaefer*
(signature)

*Ralph E Schaefer*
(print name)
3810 S. 100 E AV
Tulsa OK 74146
(print address, city & state)

## Exclusive Option Agreement

On _September 27, 2018_, _Wesley and Mary E Burchfield_ Revocable Living Trust
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1953 SW Clayton Rd Minco, OK 73509 |
|---|---|
| Tax Parcel Nos. | 0000-32-10N-07W-3-001-00, 0000-05-09N-07W-2-001-00 |
| | And as further described on **Exhibit A** attached. 0000-05-09N-07W-1-000-00 |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means:
MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Wesley Burchfield_
Print name: Wesley Burchfield, trustee

Sign _Mary E Burchfield_
Print name: Mary E Burchfield, trustee

Central Land Consulting, LLC

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

     I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

     If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Wesley Burchfield*         *Mary E Burchfield*
(signature)

*wesley BurchField*         *Mary E. BurchField*
(print name)

*19535 W Clayton rd*
(print address, city & state)
*MINCO, OK*

## Exclusive Option Agreement

On _9-27-18_, _Betty C. Starkey Revocable Trust, dated December 17, 2010_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 434 County Rd 1170 Minco, OK 73059 | 4248 Dartmouth Ave Houston, TX 77005 |
|---|---|---|
| Tax Parcel Nos. | 0000-11-10N-08W-4-002-00 , 0000-14-10N-08W-1-001-00 | |
| | And as further described on **Exhibit A** attached. | |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Betty C. Starky_
Print name: _Betty C. STARKEY, TRUSTEE_

Sign_____
Print name:

Central Land Consulting, LLC

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting:  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

*Betty C. Starkey*
(signature)


*Betty c. STARKey   TRUSTee*
(print name)


*1434 County Road 1170   Minco OK 73059 -8013*
(print address, city & state)

**Exclusive Option Agreement**

On September 22, 2018 , Byron Alan Hardesty & Abigail Karen Hardesty
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2318 North Gregory Rd , Tuttle, OK  73089 |
|---|---|
| Tax Parcel Nos. | 0000 - 22 - 09N - 07W - 3 - 001 - 00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges.  Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term").  "Project" means:
MIDSHIP Pipeline Project.  CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements.  CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property.  This Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

**Central Land Consulting, LLC**

LLC (if applicable):

Sign _____

By: its authorized agent

Print name: Byron  Hardesty

P. O. Box 36134
Canton, Ohio 44735

Sign _____

Print name: Abigail Hardesty

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Byron Hardesty_
(signature)

_Byron Hardesty_
(print name)

_2318 N. Gregory_  Tuttle, OK
(print address, city & state)  73089

_Abigail Hardesty_



## Exclusive Option Agreement

On October ___/___, 2018, James R. Starkey Revocable Trust (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 4248 Dartmouth Ave, Houston, TX 77005 |
|---|---|
| Tax Parcel Nos. | 0000-11-10N-08W-4-002-00, 0000-14-10N-08W-1-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign ___David R. Starkey___

Print name: David Starkey, trustee

Sign _____

Print name:

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

     I am the owner of real property over which the Midship pipeline is proposed to be constructed. I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

     If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting. At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_David R. Stan_
(signature)

_David R. Stankey - Trustee_
[print name]

_434 County Road 1170     Mraco, OK 73059-8013_
(print address, city & state)

i

## Exclusive Option Agreement

Denise K. Davis, Personal Representative of the Estates of

On September 24, 2018, Warren H. Herriott, Deceased, and Sammie J. Herriott, Deceased (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, L.L.C ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 903 STATE HWY 190 ARDMORE OK 73101 | Mailing Address: 3113 Triple Crown Court Denton, TX 76210 |
| Tax Parcel Nos. | 0000 20 0 0E0 0E 1 00? 00; 0000 28 0?8 038 2 00; 00; 0000-??-018-038-2-00?-00 |
| | And as further described on Exhibit A attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

Assignable: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum

Landowner(s) or his/her/its authorized agent
Print name under signature

Central Land Consulting, LLC

By: its authorized agent

LLC (if applicable):

Sign *Denise K. Davis*

Print name: Denise K. Davis, Personal Rep. Estates of Warren H. Herriott, Deceased, and Sammie J. Herriott, Deceased

Sign

P. O. Box 36134 Canton, Ohio 44735

Print name:

Denise K. Davis

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Denise K. Davis*

(signature) **Denise K. Davis, Personal Rep. of**
**Estates of Warren H. Herriott, Deceased, and**
**Sammie J. Herriott, Deceased**
(print name)  Denise K. Davis
3113 Triple Crown Court
Denton, TX. 76210
(print address, city & state)

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_(signature)_

_Danny T. Christian_
(print name)

_607 W. Plato Rd. Duncan OK_
(print address, city & state)

## Exclusive Option Agreement

On _9-26-18_, _Dan Christian and Johnettee Christian_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 607 W. Pkto Duncan, OK 73533 |
|---|---|
| Tax Parcel Nos. | 0000-15-01N-03W-0-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

Sign _____

Print Name: Dan Christian

Sign _____

Print Name: Johnettee Christian

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com.

Thank you for your cooperation.

Sincerely,

_____
(signature)

_____
(print name) Johnettee Christian

607 W. Plato Duncan. Okla. 73533
(print address, city & state)

## Exclusive Option Agreement

On 9-26-18 , Dan Christian _____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 607 W. Plto Duncan ok 73533 |
|---|---|
| Tax Parcel Nos. | 0000-18-01N-03W-0-002-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Dan Christian_
Print Name: Dan Christian

Sign _____
Print Name:

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Don Christian_
(signature)
Don Christian

_____
(print name)

607 W. Plato Rd., Duncan, OK
(print address, city & state)

## Exclusive Option Agreement

On _09/26/18_, _Jimmie L and Shelly R. Vickrey_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | _206 County Street 2790_ _Mino, OK 73054_ |
|---|---|
| Tax Parcel Nos. | _0000-04-09N-07W-1-003-00  0000-39-09N-07W-2-002-00_ |
| | And as further described on **Exhibit A** attached. _0000-07-09N-07W-2-001-00_ |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the later of the dates above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner; (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Shelly Vickrey_
Print Name

Sign _Shelly Vickrey_
Print Name:

_Jimmie Vickrey_

_Jimmie Vickrey_

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Shelly Vickrey_   _Jimmie Vickrey_
(signature)

_Shelly Vickrey_   _Jimmie Vickrey_
(print name)

_296 County St. 2790, Minco, OK  73059_
(print address, city & state)

## Exclusive Option Agreement

On _09/20/18_, _Lydia L. Roper_____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 5300 Nails Crossing Rd. Caddo, OK 74729 |
|---|---|
| Tax Parcel Nos. | 0000-09-055-09E-3-002-01 0000-16-055-09E-2-001-01 And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Lydia L Roper_

Print name: _LYDIA L ROPER_

Sign_____

Print name:

**Central Land Consulting, LLC**

_Dennis J. Marlatt Jr._

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Lydia L Roper_
(signature)

_LYDIA L ROPER_
(print name)

_5300 NAILS CROSSING Rd., CADDO, OK 74729_
(print address, city & state)

## Exclusive Option Agreement

On _09/26/2018_, _Fitzgerald Farming and Ranching LLC_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 213 County Street 2790 Minco, OK 73059 |
|---|---|
| Tax Parcel Nos. | 0000-11-10N-08W-2-001-00    0000-24-10N-08W-1-002-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Larry Joe Fitzgerald_
Print Name: _Larry Joe Fitzgerald_

Sign _Rebecca Alice Fitzgerald_
Print Name: _Rebecca Alice Fitzgerald_

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_____ (signature)

_____Larry Joe___ Fitzgerald
(print name)

Box 502 Minco, okla. 73059
(print address, city & state)

Rebecca Alice Fitzgerald

Rebecca Alice Fitzgerald

P.O. Box 502 Minco, OK 73059

## Exclusive Option Agreement

On _09/21/18_, _Misty Murphy-Tally and Marla Richardson-Childers_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2347 Miller Road Caddo OK |
|---|---|
| Tax Parcel Nos. | 24-055-096 -1-4-001-00, 24-055-096-1-004-00 And as further described on **Exhibit A** attached. 24-055-096-1-002-00 |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Misty Tolley_
Print Name: _Misty Tally_
Sign _Marla Childers_
Print Name: _Marla Childers_

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Marla L Childers, Misty Tally_
(signature)

_Marla Childers , Misty Tally_
(print name)

_2347 Miller Rd, Caddo, OK_
(print address, city & state)

## Exclusive Option Agreement

On _September 25, 2018_, _Donna M. Coley, Trustee of Bernita M. Wolf Living Trust_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 4101 Champlain Ct Yukon, OK 73099 |
|---|---|
| Tax Parcel Nos. | 0000-33-15N-08W-1-000-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means:
MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Donna M. Coley - Trustee_

Print name: _Donna M. Coley - Trustee_

Sign _____

Print name:

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  **Re: Notice As To Means and Method of Communications and Trespassing.**


Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_Donna M. Coley - Trustee of Bernita M. Wolf Living Trust_
(signature)

_Donna M. Coley - Trustee of Bernita M. Wolf Living Trust_
(print name)

_4101 Champlain Ct, Yukon, OK 73099_
(print address, city & state)

## Exclusive Option Agreement

On 9-26-18 , Willis E. Luber ETUX                                    (hereinafter
collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the
exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 29232 North 2600 Road |
| | Okarche, OK 73762 |
| Tax Parcel Nos. | 0000-36-15N-08W-2-001-00; 0000-26-15N-08W-1-000-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable
consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for
CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive
Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated
herein.   This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the
Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for
the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited
to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation
before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form
of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water
samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are
contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner
will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's
rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term,
(b) by the death, sale or dissolution of the Landowner; (c) by the Landowner's sale or other transfer of any
interest in the Property. The Agreement's irrevocability is based in part on the consideration received and
CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance
resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:          Central Land Consulting, LLC
*Print name under signature*

LLC (if applicable):

Sign _Terry Luber_                                      By: its authorized agent
Print Name: _Terry Luber_                               P. O. Box 36134
                                                        Canton, Ohio 44735
Sign _____
Print Name:

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

    I am the owner of real property over which the Midship pipeline is proposed to be constructed. I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

    If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting. At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Terry Luber*
(signature)

*Terry Luber*
(print name)

*PO Box 720  Okarche, OK  13762*
(print address, city & state)

## Exclusive Option Agreement

On _09/27/2018_, _Casey B. and Kristy J. Smith_ _____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1997 Hereford Rd. Springer, OK 73458 |
|---|---|
| Tax Parcel Nos. | 0000-11-035-01E-2-003-00   0000-11-035-01E-1-002-00 |
| | And as further described on **Exhibit A** attached.  0000-11-035-01E-1-009-00 |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature.*

LLC (if applicable):

Sign _Casey B. Smith_
Print Name:

Sign _Casey B. Smith_
Print Name:

_Kristy J Smith_

Kristy J Smith

Central Land Consulting, LLC

_Dennis J Marlatt_
By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_____
(signature)

_Casey B. Smith_
(print name)

Kristy J. Smith

Kristy J. Smith

_PO Box 26 Springer, OK 73458_
(print address, city & state)

## Exclusive Option Agreement

On *September 26th, 2018*, *Melford Scott and Margaret L. Scott, Trustees of the the 7th day of Melford Scott and Margaret L. Scott Revocable Trust d* (hereinafter *July, 2015* collectively or singularly "Landower"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 271 US HWY 277 Cement, OK 73017 |
|---|---|
| Tax Parcel Nos. | 0000-16-05N-05W-3-001-00; 0000-27-05N-05W-2-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

Sign *Melford Scott* Trustee
Print Name: *Melford L. Scott*

Sign *Margaret L. Scott, Trustee*
Print Name: *Margaret L. Scott*

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

        I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

        If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com.

Thank you for your cooperation.

Sincerely,

_Melford Scott_          Margaret Scott
(signature)

_Melford Scott_   Margaret Scott
(print name)

_271 U.S. Highway, Cement, OK  73017_
(print address, city & state)

MIDSHIP Pipeline Company, LLC
700 Milam St Suite 1900
Houston, TX 77002

**Re: Midcontinent Supply Header Interstate Pipeline Project**

To : Jim Privett,

Central Land Consulting, LLC (Central) has entered into an Exclusive Option Agreement with the landowners enclosed in this packet for full representation and negotiation rights pertaining to the MIDSHIP Pipeline Project (Project).  Central will be the lead and only contact for any purpose regarding the Project going forward.

Enclosed in this packet you will find the following for each landowner:

- Exclusive Option Agreement
- Cease and Desist Entering Any Property Letter
- No Contact Letter from Landowner

If you should need to contact Central for negotiation purposes and/or with a need to access any properties for any reason whatsoever, please call:

Ranae Eberhart, Administrative Coordinator, Central Land Consulting, LLC   (330) 353-0787

Sincerely,

Ranae Eberhart

**Central Exclusive Option Agreement - Cease and Desist Entering Any Property for Surveys or Other Activity Related In Any Way to Obtaining an Easement/Right of Way**

To whom it may concern:

Central Land Consulting LLC ("Central") has put Midship Pipeline Company ("Midship") on notice of Central's Exclusive Option Agreement with the landowner(s) to purchase an easement on the above identified property(ies).    Central deems any attempt by Midship to contact the landowners or to enter the property for surveys or other activities related without written consent from Central to be acts of intentional tortious interference with Central's contract for which Central will be forced to seek legal remedies.

Sincerely,

Ranae Eberhart
Administrative Coordinator

**Central Land Consulting, LLC**

September 25, 2018

RE:   Property Owners:
        Larry Dale and Barbara Smith
        Donna M. Coley, Trustee of Bernita M. Wolf Living Trust
        Bradley Charles Krittenbrink
        Karen Schoeling Manuel and Dale Schoeling
        Riesen Properties
        WLC Land and Mineral LLC
        W. Lee Coffey
        Vincent Ray Mueggenborg
        Christy and Clayton Hufnagel Trust
        Fitzgerald Farming and Ranching LLC
        Tracy Maass
        Allen and Cindy Stover Trust
        Lee and Anna Chappa
        John D. Von Tungeln
        Christian and Wanda Hansen Trust
        K.R. & K Inc.
        Dale and Marian Rother
        Joan Margaret Watkins and Marian Elizabeth Rother
        David Rother, Bob Rother, and Mark and Aletia Rother Living Trust
        Danny T. Christian
        Dan Christian and Johnettee Christian
        Dan Christian
        Jimmie and Shelly Vickrey
        Willis E. Luber ETUX
        Casey B. and Kristy J. Smith
        Melford and Margaret Scott Revocable Trust
        Michael and Thomas Hufnagel
        Mark and Carrie Massey
        Betty J. Johnston and Jimmy W. Johnston
        Connie Gayle Huseman
        Shana and Johnathan Elledge Family Trust
        Ralph E. Schaefer, ET AL
        Wesley and Mary E. Burchfield Revocable Trust
        Betty C. Starkey Revocable Trust
        Bryon Alan Hardesty and Abigail Karen Hardesty
        Betty C. Starkey, Trustee of Betty C. Starkey Revocable Trust
        David R. Starkey, Trustee of James Starkey Revocable Trust
        Denise Davis, Special Administrator of the Estates of Warren H. and Sammie J. Herriott

## Exclusive Option Agreement

On _09/27/2018, Larry Dale and Barbara J. Smith_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2099 Hereford Rd. Springer, OK 73458 |
|---|---|
| Tax Parcel Nos. | 0000-11-03S-01G-3-004-00 And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**Central Land Consulting, LLC**

LLC (if applicable):

Sign _Larry Dale Smith_
Print Name: _Larry Dale Smit_

Sign _Barbara Jo Smith_
Print Name: _BARBARA JO SMITH_

_Dennis L. Marlatt_
By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  **Re: Notice As To Means and Method of Communications and Trespassing.**

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Larry Dale Smith_          _Barbara Jo Smith_
(signature)

_Larry Dale Smith_          BARBARA JO SMITH
(print name)

_2099 HEREFORD ROAD_      SPRINGER, OK   73458-0216
(print address, city & state)

## Exclusive Option Agreement

On _09/21/2018_ , _William "Billy" F. Miller_ _____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1515 Miller Road, Caddo, OK 74729 |
|---|---|
| Tax Parcel Nos. | 0000-24-056-09E-1-001-00, 0000-19-055-106-3-003-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives <u>one dollar</u> and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

<u>Assignable</u>:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Bill Miller_
Print Name:

Sign _BILL MILLER_
Print Name:

**Central Land Consulting, LLC**

_Dennis L. Marlatt Jr._
By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

*Bill Miller*
(signature)

*BILL MILLER*
(print name)

*PO Box 65 Caddo, OK 74729*
(print address, city & state)

## Exclusive Option Agreement

On _09/25/2018_ , _Bradley Charles Krittenbrink_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC**
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 10301 E 880 Rd. Okarche, OK. 73762 |
|---|---|
| Tax Parcel Nos. | 0000-26-15N-08W-2-002-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign _Bradley Charles Krittenbrink_

Print name:

Sign _Bradley Charles Kritenbrink_

Print name:

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re: **Re: Notice As To Means and Method of Communications and Trespassing.**

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed. I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting. At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Bradley Charles K. Henbrink_
(signature)

_Bradley Charles Kr. Henbrink_
(print name)

10301 E 800 Rd Okarche, OK 73762
(print address, city & state)

## Exclusive Option Agreement

On _09/26/2018_ , _Karen Schoeling Manuel and Dale Schoeling_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 11809 Sundance Mountain Rd. Oklahoma City, Oklahoma 73162 |
|---|---|
| Tax Parcel Nos. | 0000-20-15N-00W-2-000-00 And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

**Central Land Consulting, LLC**

LLC (if applicable):

Sign _Karen Schoeling Manuel_
Print Name:

Sign _Dale Schoeling_
Print Name:
_Dale Schoeling_

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive;

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_Dale Schoeling_
(signature)

_Karen Schoeling Manuel_

_Dale Schoeling_
(print name)

_Karen Schoeling Manuel_

_____
(print address, city & state)

11809 Sundance Mountain Rd
Okla. City, Okla 73162

## Exclusive Option Agreement

On 9/25/18 , RIESEN Properties & Mark E. RIESEN Mgr (hereinafter collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1424 Stanley SW |
| --- | --- |
| | Ardmore, OK 73401 |
| Tax Parcel Nos. | 0000-10-035-016-1-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

By: its authorized agent
Sign _____
Print Name: MARK E. RIESEN

P. O. Box 36134
Canton, Ohio 44735

Sign _____
Print Name:

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Mark E. Risen  mgr_
(signature)

_Mark E. Risen_
(print name)

_P.O. Box 2178_
(print address, city & state)
_Ardmore  OK  73402_

## Exclusive Option Agreement

On _09/25/18_ , _WLC Land and Mineral LLC_____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | PO Box 1404 Ardmore, OK 73402 |
|---|---|
| Tax Parcel Nos. | 0000-04-035-01E-4-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**Central Land Consulting, LLC**

**LLC (if applicable):**

Sign _W Lee Coffey_

Print name: _W Lee Coffey_

Sign: _Manager_

Print name:

Dennis J. Marlatt Jr.
By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

   I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

   If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*(signature)*

(signature)

*W. Lee Coffey*

(print name)

*Po Box 1404*
*Ardmore OK 73402*

(print address, city & state)

## Exclusive Option Agreement

On _09/25/2018_, _W. Lee Coffey_ _____
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | PO Box 1404 Ardmore, OK 73402 |
|---|---|
| Tax Parcel Nos. | 0000-03-035-01E-3-001-00   0000-10-035-01E-3-001-00  0000-10-035-015-2-001-00  And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign_____

Print name:

Sign _W.Lee Coffey_

Print name: _W. Lee Coffey_

**Central Land Consulting, LLC**

_Dennis D. Marlott Jr_
By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_(signature)_

W. Lee Coffey
(print name)

Po Box 1404
Ardmore OK 73402
(print address, city & state)

## Exclusive Option Agreement

On _09/25/2018_ , _Vincent Ray Mueggenborg_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 10380 NW 248 Okarche, OK 73762 |
|---|---|
| Tax Parcel Nos. | 0000-32-15N-08W-4-0011-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign _____

Print name: _Vincent Ray Mueggenborg_

Sign _____

Print name:

**Central Land Consulting, LLC**

_____
By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_(signature)_

**(signature)**

_Vince Mueggenborg_
**(print name)**

_10380 NW 248, Okarche  Oklahoma_
**(print address, city & state)**

## Exclusive Option Agreement

On _9-26-18_, _Christi L. Hufnagel and Clayton J. Hufnagel, Trustees of the Christi L. Hufnagel Trust a revocable trust dated the 17th_ (hereinafter May, 2014 collectively or singularly "Landowner"), hereby grant(s) to **Central Land Consulting, LLC** ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 609 Elizabeth Drive, OKarche, OK 73762 |
|---|---|
| Tax Parcel Nos. | 301062 , 301063, 301063-000000-000001 And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Christi L. Hufnagel_
Print Name:

Sign _Christi L. Hufnagel_
Print Name:

**Central Land Consulting, LLC**

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Christi L. Hafnagel*
(signature)

*Christi L. Hufnagel*
(print name)

*609 Elizabeth Dr., Okarche, OK*
(print address, city & state)

## Exclusive Option Agreement

On 9-26-18 , Christi L. Hufnagel and Clayton J. Hufnagel, Trustees of the Christi L. Hufnagel Trust a revocable trust dated the 17th day of May, 2001 (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 609 Elizabeth Drive, OKarche, OK 73762 |
|---|---|
| Tax Parcel Nos. | 301062 , 301063, 301063-000000-000001 <br> And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Christi L. Hufnagel_
Print Name:

Sign _Christi L. Hufnagel_
Print Name:

Central Land Consulting, LLC

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Christi L. Hufnagel*
(signature)

*Christi L. Hufnagel*
(print name)

*609 Elizabeth Dr., OKarche, OK*
(print address, city & state)

MIDSHIP Pipeline Company, LLC
700 Milam St Suite 1900
Houston, TX 77002

**Re: Midcontinent Supply Header Interstate Pipeline Project**

**To : Suzanne Hickham, Senior Project Manager**

Central Land Consulting, LLC (Central) has entered into an Exclusive Option Agreement with the landowners enclosed in this packet for full representation and negotiation rights pertaining to the MIDSHIP Pipeline Project (Project). Central will be the lead and only contact for any purpose regarding the Project going forward.

Enclosed in this packet you will find the following for each landowner:

- Exclusive Option Agreement
- Cease and Desist Entering Any Property Letter
- No Contact Letter from Landowner

If you should need to contact Central for negotiation purposes and/or with a need to access any properties for any reason whatsoever, please call:

Ranae Eberhart, Administrative Coordinator, Central Land Consulting, LLC   (330) 353-0787

Sincerely,

Ranae Eberhart

# Central Land Consulting, LLC

September 25, 2018

RE:   **Property Owner:**

Lydia Roper
Bill Miller
Misty Tally and Marla Childers
Raymond and Ranalda Hulsey
Mark Morris
Marilyn Morris
Shana Elledge
Byron Hardesty
Martin Dale Hardesty
Terry Garrett

**Central Exclusive Option Agreement - Cease and Desist Entering Any Property for Surveys or Other Activity Related In Any Way to Obtaining an Easement/Right of Way**

To whom it may concern:

Central Land Consulting LLC ("Central") has put Midship Pipeline Company ("Midship") on notice of Central's Exclusive Option Agreement with the landowner(s) to purchase an easement on the above identified property(ies).   Central deems any attempt by Midship to contact the landowners or to enter the property for surveys or other activities related without written consent from Central to be acts of intentional tortious interference with Central's contract for which Central will be forced to seek legal remedies.

Sincerely,

Ranae Eberhart
Administrative Coordinator

## Exclusive Option Agreement

On _09/17/18_, _Raymond and Ranada Hulsey_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | _8000 S. Rock Creek Rd._ _Tishomingo, OK 73460_ |
|---|---|
| Tax Parcel Nos. | _0110-00-004-004-0-003-00_ _0110-00-004-005-0-004-00_ And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _Raymond Hulsey_
Print name: _Raymond Hulsey_

Sign _Ranada Hulsey_

Print name:
RANADA HULSEY

Central Land Consulting, LLC

_Dennis J. Marlett_
By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735



**Re:  Re: Notice As To Means and Method of Communications and Trespassing.**

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_____
(signature)

_____
(print name)

8000 S. Rock (K. Rd.
(print address, city & state)

Ranada Hulsey

RANADA Hulsey

Tishomingo Okla 73160

## Exclusive Option Agreement

On _September 22, 2018, Terry L. Garrett & Wynetta Garrett_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as;

| Property Address(es): | 1072 County Rd 1230, Pocasset, OK 73079 |
|---|---|
| Tax Parcel Nos. | 0000-22-09N-07W-1-002-00, 0000-22-09N-07W-4-001-00, And as further described on **Exhibit A** attached. 0000-27-09N-07W-1-001-00 |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means:
MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

Sign _Terry Garrett_

By: its authorized agent

Print name: _Terry Garrett_

P. O. Box 36134
Canton, Ohio 44735

Sign _Wynetta Garrett_

Print name: _Wynetta Garrett_

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Terry Garrett_ (signature)

_Wynetta Garrett_

_Terry Garrett_
(print name)

_Wynetta Garrett_

_1072-CR 1230 Pocasset_
(print address, city & state) _OK 73074_

## Exclusive Option Agreement

On _September 20, 2018_, _Shana & Johnathan Elledge Family Trust_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| | |
|---|---|
| Property Address(es): | 4126 County Street 2980, Bradley, OK 73011 |
| Tax Parcel Nos. | 0000-26-04N-05W-4-003-00<br>And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term").   "Project" means: MIDSHIP Pipeline Project.  CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements.  CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property.  The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign _Shana Elledge_

Trustee
Print name: _Shana Marie Elledge_

Sign _[signature]_

Trustee
Print name: _Johnathan Eugene Elledge_

**Central Land Consulting, LLC**

_[signature]_
By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Shana Elledge_          _(signature)_
(signature)

Shana  Elledge             Johnathan Elledge
(print name)

4126 CS 2980  Bradley OK 73011
(print address, city & state)

## Exclusive Option Agreement

On _September 20, 2018, Mark A. Morris, Trustee of the Mark L Morris Revocable Trust, 3-27-12_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2840 County Street 2791, Chickasha, OK 73018 |
|---|---|
| Tax Parcel Nos. | 0000-26-04N-05W-2-001-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means:
MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

Sign _MARK A MORRIS_

By: its authorized agent

Print name: ___

P. O. Box 36134
Canton, Ohio 44735

Sign ___

Print name: _Trustee_

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_(signature)_

_(print name)_

_(print address, city & state)_

## Exclusive Option Agreement

On _September 20, 2018_, _Marilin Morris, Trustee of the Marilin Morris Revocable Trust 3-27-12_ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2840 County Street 2791, Chickasha, OK 73018 |
|---|---|
| Tax Parcel Nos. | 0000-26-04N-05W-2-001-00 <br> And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

LLC (if applicable):

Sign _____

Print name: _Marilin Morris, TRUSTEE_

Sign _____

Print name:

Central Land Consulting, LLC

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      ·  If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com


      Thank you for your cooperation.

      Sincerely,

      (signature)

      Marylin Morris, Trustee
      (print name)

      2840 CS2791 Chickasha, OK 73018
      (print address, city & state)

**Exclusive Option Agreement**

On 09/21/18 , Misty Murphy-Tally and Marla Richardson-Childers (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2347 Miller Road Caddo OK |
|---|---|
| Tax Parcel Nos. | 84-0555-09E - 4-001-00, 84-055-09E-1-004-00 |
| | And as further described on **Exhibit A** attached. 24-055-09E-1-00A-00 |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**Central Land Consulting, LLC**

LLC (if applicable):

Sign _Misty Tally_
Print Name: _Misty Tally_

Sign _Marla Childers_
Print Name: _Marla Childers_

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

      I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

      If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_Narla L Childers, Misty Tally_
(signature)

_Marla Childers , Misty Tally_
(print name)

_2347 Millee Rd. Caddo, OK_
(print address, city & state)

## Exclusive Option Agreement

On September 22, 2018, Byron Alan Hardesty & Abigail Karen Hardesty, (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 2318 North Gregory Rd , Tuttle, OK 73089 |
|---|---|
| Tax Parcel Nos. | 0000-22-09N-07W-3-001-00 And as further described on Exhibit A attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable**: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

LLC (if applicable):

Sign

Print name: Byron Hardesty

Sign

Print name: Abigail Hardesty

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002


Re:  Re: Notice As To Means and Method of Communications and Trespassing.


Dear Sir/Madam:

        I am the owner of real property over which the Midship pipeline is proposed to be
constructed.  I am hereby directing Midship Pipeline Company, its employees,
representatives and agents of any nature, including but not limited to subcontractors, land
agents, independent contractors, surveyors, construction personnel and anyone acting on
behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as
"Midship"), that I do not wish them to have further contact, directly or indirectly, with me
or my family for any matters, including surveying and entering my property for any reason
whatsoever, until Midship receives written notice signed by me changing this directive.

        If you would like to contact me, you may do so by contacting my representatives at
Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at
330-353-0787, or email her at ranae@centrallandconsulting.com


Thank you for your cooperation.

Sincerely,

_____
(signature)


Byron Hardesty
(print name)


2318 N. Gregory  Tuttle, OK
(print address, city & state)  73089

Abigail Hardesty

## Exclusive Option Agreement

On _September 22_ , _Martin Dale Hardesty & Sharon Ann Hardesty_
(hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC
("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1454 State Highway 37 , Tuttle , OK 73089 |
|---|---|
| Tax Parcel Nos. | 0000-30-10N-07W-4-002-00 |
| | And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other
valuable consideration, the receipt and sufficiency of which Landowner acknowledges.  Other terms and
conditions for CLC's exercise of this option, purchase and location of the easement is described in the
parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this
Agreement and incorporated herein.   This Agreement shall continue for thirty-six (36) months from the
later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the
Certificate of Public Convenience and Necessity for the Project (the "Term").   "Project" means:
MIDSHIP Pipeline Project.  CLC's option includes but is not limited to: temporary or permanent
construction, storage, roadway, and any other easements.  CLC has no obligation before the expiration of
the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this
Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any
form of easement or grant any person or entity the right to enter the Property to survey, test or take soil
and water samples for easement planning without CLC's signed written approval in advance; (2) if
Landowner is/are contacted by any person or company seeking an easement or to enter the Property to
survey or test, Landowner will provide them CLC's contact information and cease further contact, and
immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by
Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c)
by the Landowner's sale or other transfer of any interest in the Property.  The Agreement's irrevocability
is based in part on the consideration received and CLC's reasonable reliance on the continuation of the
right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other
resources.

**Assignable**:  With Landowner's consent, CLC may assign any of its rights and obligations under this
Agreement and its Addendum.

**Landowner(s) or his/her/its authorized agent:**
*Print name under signature*

**LLC (if applicable):**

Sign _Martin Dale Hardesty_

Print name: _Martin Dale Hardesty_

Sign _Sharon Ann Hardesty_

Print name: _Sharon Ann Hardesty_

**Central Land Consulting, LLC**

By: its authorized agent

P. O. Box 36134
Canton, Ohio 44735

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

_____
(signature)

Martin Dale Hardesty          Sharon Ann Hardesty
(print name)

1454 St. Hwy 37 Tuttle Ok. 73084
(print address, city & state)

## Exclusive Option Agreement

On _09/20/18_, _Lydia L. Roper_ _____ (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 5300 Nails Crossing Rd. Caddo, OK 74729 |
|---|---|
| Tax Parcel Nos. | 0000-04-05S-09E-3-002-01 0000-16-05S-09E-2-001-01 |

And as further described on **Exhibit A** attached.

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives one dollar and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

**Assignable:** With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable): _____

Sign _Lydia Roper_____

Print name:   LYDIA L ROPER

Sign _Dennis L Marlatt Jr._____
By: its authorized agent

Sign _____

P. O. Box 36134
Canton, Ohio 44735

Print name:

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Austin Carani at 330-705-1156, or email him at acarani@centrallandconsulting.com, or you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Lydia L Roper*
(signature)

*LYDIA  L  ROPER*
(print name)

*5300  NAILS CROSSING Rd., CADDO, OK  74729*
(print address, city & state)

**Exclusive Option Agreement**

On 09/21/2018 , William "Billy" F. Miller (hereinafter collectively or singularly "Landowner"), hereby grant(s) to Central Land Consulting, LLC ("CLC") the exclusive option/right to purchase an easement under, on, and over the Property described as:

| Property Address(es): | 1515 Miller Road.<br>Caddo, OK 74729 |
|---|---|
| Tax Parcel Nos. | 0000-84-056-048-1-001-00, 0000-19-053-106-3-002-00<br>And as further described on **Exhibit A** attached. |

In exchange for this Exclusive Option Agreement ("Agreement"), CLC gives <u>one dollar</u> and other valuable consideration, the receipt and sufficiency of which Landowner acknowledges. Other terms and conditions for CLC's exercise of this option, purchase and location of the easement is described in the parties' Exclusive Option Agreement Addendum ("Addendum") signed simultaneously with this Agreement and incorporated herein. This Agreement shall continue for thirty-six (36) months from the later of the date above or the date the Federal Energy Regulatory Commission (FERC) issues the Certificate of Public Convenience and Necessity for the Project (the "Term"). "Project" means: MIDSHIP Pipeline Project. CLC's option includes but is not limited to: temporary or permanent construction, storage, roadway, and any other easements. CLC has no obligation before the expiration of the Term to exercise, waive or release its option to purchase an easement.

Landowner agrees: (1) that from the date he/she/it signs this Agreement until the end of the Term, this Agreement and its Addendum describe the Landowner's rights and authority to sell, convey, or grant any form of easement or grant any person or entity the right to enter the Property to survey, test or take soil and water samples for easement planning without CLC's signed written approval in advance; (2) if Landowner is/are contacted by any person or company seeking an easement or to enter the Property to survey or test, Landowner will provide them CLC's contact information and cease further contact, and immediately notify CLC; (3) CLC's rights conferred by this Agreement CANNOT be revoked: (a) by Landowner prior to the expiration of the Term, (b) by the death, sale or dissolution of the Landowner, (c) by the Landowner's sale or other transfer of any interest in the Property. The Agreement's irrevocability is based in part on the consideration received and CLC's reasonable reliance on the continuation of the right granted herein for the full Term such reliance resulting in CLC investing its time, money, and other resources.

<u>Assignable</u>: With Landowner's consent, CLC may assign any of its rights and obligations under this Agreement and its Addendum.

Landowner(s) or his/her/its authorized agent:
*Print name under signature*

Central Land Consulting, LLC

LLC (if applicable):

By: its authorized agent
P. O. Box 36134
Canton, Ohio 44735

Sign _Bill Miller_
Print Name:

Sign _BILL MILLER_
Print Name:

Midship Pipeline Company, LLC
700 Milam Street, Suite 1900
Houston, Texas 77002

Re:  Re: Notice As To Means and Method of Communications and Trespassing.

Dear Sir/Madam:

I am the owner of real property over which the Midship pipeline is proposed to be constructed.  I am hereby directing Midship Pipeline Company, its employees, representatives and agents of any nature, including but not limited to subcontractors, land agents, independent contractors, surveyors, construction personnel and anyone acting on behalf of or for the benefit of Midship Pipeline (hereinafter collectively referred to as "Midship"), that I do not wish them to have further contact, directly or indirectly, with me or my family for any matters, including surveying and entering my property for any reason whatsoever, until Midship receives written notice signed by me changing this directive.

If you would like to contact me, you may do so by contacting my representatives at Central Land Consulting.  At Central Land Consulting, you may call Ranae Eberhart at 330-353-0787, or email her at ranae@centrallandconsulting.com

Thank you for your cooperation.

Sincerely,

*Bill Miller*
(signature)

BILL MILLER
(print name)

PO Box 65 Caddo, OK 74729
(print address, city & state)