## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC,** | § § § | |
| *Plaintiff*, | § § | **Case Number: 5:18-cv-858-G** |
| **vs.** | § § | **Judge: Hon.  Charles Goodwin** |
| **TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, *et al.*,** | § § § § § § | |
| *Defendants*. | § | |

### PLAINTIFF MIDSHIP PIPELINE COMPANY LLC'S MOTION FOR CONTEMPT AGAINST DEFENDANTS CHUCK'S RIG REPAIR, CENTRAL LAND CONSULTING, LLC, AND CHUCK WHITE, INDIVIDUALLY

Plaintiff Midship Pipeline Company LLC ("Midship"), files this Motion for Contempt against Defendants Chuck's Rig Repair, LLC ("Chuck's Rig"), Central Land Consulting, LLC ("CLC"), and Chuck White, individually ("White")[1], (collectively, "Defendants") seeking to have this Court hold Defendants in contempt of this Court's "Order Confirming Condemnation Authority and Awarding Immediate Possession of the Easements" ("Order").  ECF No. 613.  Midship further moves this Court for an order directing Defendants to comply with the terms of the Order, which, in pertinent part, granted Midship an immediate right of entry and access to the easements identified as

---

[1] Mr. White is believed to be the owner and proprietor of Chuck's Rig.

Tract Numbers GR-0169.010 in the Second Amended Verified Complaint (the "Easements").  In support of this Motion for Contempt, Midship shows as follows:

1.     Midship filed a Verified Complaint for Condemnation against Defendants.

2.     Midship is the holder of a Certificate of Public Convenience and Necessity ("Certificate") issued on August 13, 2018, by the Federal Energy Regulatory Commission ("FERC").

3.     The Certificate confers upon Midship the right to, *inter alia*, construct a natural gas pipeline (the "Natural Gas Pipeline") under and across the lands of various landowners in the state of Oklahoma.

4.     Midship has the substantive right to condemn the easements identified in the Certificate, subject to the limitations set forth in the Verified Complaint for Condemnation, any amendments thereto, and the Certificate.

5.     On February 6, 2019, this Court entered an Order granting Midship immediate access to and possession of all the easements more particularly described in the Verified Complaint and Amendment thereto ("Order"). ECF No. 613 at 10. The Order applies to all parties, including Defendants, and in pertinent part, states as follows:

> For these reasons, the Court determines that Midship has met each of the elements necessary for issuance of a preliminary injunction. Midship is awarded immediate possession of the Easements to enable commencement of on-site preconstruction- and construction-related activities and to operate and maintain the Pipeline pending final determination of just compensation.

*Id.*

6.     In disregard of this the Order, Midship's posting of security per this Court's "Order for Posting of Security to Support Order Awarding Immediate Possession" (ECF

614), and Midship's numerous good faith attempts to work with Defendants, Defendants continue to interfere with Midship's access to and possession of the Easements awarded to Midship on, over, and across Tract No. GR-0169.010.

7.     Since the issuance of the Order, White has constructed a new fence across the Easement.   On the morning of April 12, 2019, Brett Champion, Senior Land Representative for Midship, called and spoke with Mrs. White about the fence that White constructed across the Easement.  *See* Exhibit 1, Affidavit of Brett Champion at ¶4; *see also* Exhibit 2.  Mrs. White stated that she would call Mr. Champion back, but did not return his call.  Exhibit 1 at ¶4  Later that afternoon Mr. Champion called Mrs. White back, and she put White on the phone.  *Id.*   White stated that Midship could not cut the fence, and that Midship would not be coming in that property unless White was in jail. *Id.* Despite Mr. Champion's requests that White handle this situation civilly, White continued to swear at Mr. Champion and make threats directed at Midship's construction crew.  *Id.* White stated that if anyone tried to come on his property "they had better come prepared." *Id.*  White stated that he had bull dozers, and track hoes that he would be setting in the Easement, and that he would be stringing hot wire (electric fence) throughout the Easement.   *Id.*   Mr. Champion explained to White that Midship had a court order to proceed with construction, and White replied that he did not care what Midship had.  *Id.* Mr. Champion again asked White to behave civilly, and White stated he would not.  *Id.* Mr. Champion told White he would relay his message, and ended the call.  *Id.*

8.     In the afternoon of April 12, 2019, Gary Pee, an employee of Strike (one of Midship's construction contractors) traveled to the Easement to check on equipment that

is stationed thereon.  Exhibit 2 at ¶5.  White, along with an unknown associate of Mr. White's, met Mr. Pee at the fence.  *Id.*  Mr. White's associate had a firearm holstered on his hip.  *Id.*  Mr. White informed Mr. Pee "that no one was to step foot on this property." *Id.*  Mr. Pee noted that the new fence has been constructed across the Easement and heavy construction equipment, not belonging to Midship or its contractors, has been parked within the Easement.  *Id. a*t ¶6.

9.      If Midship and its contractors are not permitted to access the Easement, they will be unable able to continue their construction activities thereon.  Moreover, White's menacing and threatening conduct prevents Midship from accessing the Easement without a substantial risk of a breach of the peace.  White's actions constitute an impermissible interference with Midship's possession of the Easement and its rights granted by the Order.

10.      Midship has a clear right to be upon Defendants' property pursuant to the terms of the Order.  Such right is independent of whether the parties have agreed as to the amount of just compensation due to Defendants or any terms of a proposed written permanent easement.

11.      CLC purports to represent Chuck's Rig and Mr. White and possesses an exclusive option agreement to grant easements over, on, and across Mr. White/Chuck's Rig's property.  CLC has demanded that all communications between Midship and the various landowners, including Mr. White, that it purports to represent be made through one of CLC's land agents.  In essence, CLC has postured itself as a liaison between Midship and the landowners it purports to represent.

12.      In attempting to follow CLC's instruction that communications with Mr.

White be made through CLC, Jay Parker, a representative of Midship's, emailed Nathan "Nate" Laps, one of the principals of CLC, regarding Mr. Champion and Mr. Pee's interactions with Mr. White and Mr. White's associate.  *See* Exhibit 3.  Mr. Laps responded that "[he] I have verified with Mr. White and his family, who have been present all day have expressed there has been no interference in the easement or even near the easement. This is the first time the Whites have heard about the issues and have not interfered with construction operations."  *Id.*  The pictures attached to Mr. Pee's Affidavit depict quite the contrary; there is a fence across the Easements and heavy equipment parked thereon. Exhibit 2.  Accordingly, either CLC is not communicating with Mr. White or worse, misrepresenting the facts to Midship.   Regardless, both scenarios constitute an impermissible interference with Midship's rights as granted by the Order.

13.    "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance . . . [citations omitted]. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act."  *In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).

WHEREFORE, Plaintiff Midship Pipeline Company, LLC respectfully requests that this Court enter an order that provides the following relief:

(a)    Holds Defendants in contempt of court based on their violation of this Court's "Order Confirming Condemnation Authority and Awarding

Immediate Possession of Easements Sought;"

(b)     Orders Defendants to comply with this Court's "Order Confirming Condemnation Authority and Awarding Immediate Possession of Easements Sought" by granting Midship access to his property now and in the future, enjoining Defendants from interfering with Midship's right of possession of the Easements and construction of the Midship pipeline, and requiring Defendants to immediately move the heavy equipment and other obstructions from the Easement;

(c)     Awards Midship any and all damages resulting from Defendants' refusal to comply with this Court's "Order Confirming Condemnation Authority and Awarding Immediate Possession of Easements Sought," including Midship's reasonable attorneys' fees incurred in connection with this Motion for Contempt and in other activities stemming from such refusal; and

(d)     Grants Midship such other relief as is just and proper.

Respectfully submitted,

/s/ *Scott Seidl*
Thomas A. Zabel (Attorney in charge)
Texas Bar No. 22235500
tzabel@zflawfirm.com
Scott Seidl, OBA No. 30426
sseidl@zflawfirm.com
Vadim Bourenin
Texas Bar No. 24076284
vbourenin@zflawfirm.com
1135 Heights Boulevard,
Houston, TX 77008
713-802-9117 (telephone)
713-802-9114 (facsimile)

and

WILLIAMS, BOX, FORSHEE & BULLARD, PC
David M. Box, OBA #21943
Mason J. Schwartz, OBA #32864
522 Colcord Drive
Oklahoma City, OK 73102-2202
405-232-0080 (telephone)
405-236-5814 (facsimile)
box@wbfblaw.com
dmbox@wbfblaw.com

**Attorneys for Plaintiff**
**Midship Pipeline Company, LLC**

## __CERTIFICATE OF SERVICE__

The undersigned hereby certifies that the foregoing has been filed and served via this Court's ECF/CM system on all the counsel of record.

_/s/ Scott Seidl_
**Scott Seidl**