UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. CIV-18-858-G ) |
| **TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, et al.,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER AND INSTRUCTIONS FOR COMMISSION

The Court orders as follows:

*I. Introduction*

This is an eminent domain action brought by Midship Pipeline Company, LLC ("Midship") to acquire easements from the owners of certain real property ("Defendant Landowners") for a 36-inch natural gas pipeline, as authorized by the Federal Energy Regulatory Commission, in the interest of public convenience and necessity. In this case, the Court—as authorized by the Natural Gas Act, 15 U.S.C. §§ 717a-z—has permitted Midship to take the easements, subject to the payment of just compensation to the Defendant Landowners. Pursuant to Federal Rule of Civil Procedure 71.1, the Court has appointed a Commission to assist the Court in determining the compensation owed.

## II. Commission's Duties, Powers, and Reports

Pursuant to Rule 71.1, "[a] commission has the powers of a master under Rule 53(c). Its action and report are determined by a majority. Rule 53(d), (e), and (f) apply to its action and report." Fed. R. Civ. P. 71.1(h)(2)(D). Accordingly, the Court directs that the Commissioners shall: (1) take all appropriate measures to perform their assigned duties fairly and efficiently; (2) exercise the same power as this Court to compel, take, and record evidence; and (3) regulate all proceedings related to hearings of claims for just compensation, including to authorize discovery and to impose deadlines and other requirements for motions, responses, and other submissions, as well as for the hearings themselves. Fed. R. Civ. P. 53(c). The Commission shall produce written orders as necessary, which the Commission shall forward to chambers for filing and service on each party involved in a hearing. Fed. R. Civ. P. 53(d). Similarly, the Commission shall produce written reports on just compensation ("Reports") to the Court, which shall be filed and served on each party involved in a hearing. Fed. R. Civ. P. 53(e).

All written orders and Reports shall be signed by the participating Commission members. Electronic signatures are permitted. Evidentiary or procedural orders as recognized below that fall within the province of the Chair need only be signed by the Chair.

## III. Duties of Commission Chair

In addition to the other duties specified herein, the Commission Chair shall oversee logistical requirements for all hearings, including to obtain premises appropriate for the hearing if held at a location other than the United States Courthouse.

The Chair shall make all discovery and evidentiary rulings related to all hearings and ensure that the Commission adheres to any rulings by this Court. The Chair is charged with maintaining control of all exhibits admitted into evidence at any hearing and to deliver those materials to the Court when requested by the Court or, if no prior request is made, at the conclusion of the matter.

If the Commissioners determine that the assistance of one or more paralegals or staff accountants would be materially useful to their determination of just compensation, and reasonably likely to reduce the total expenses for the Commission's work, the Chair may engage qualified persons at a reasonable rate. Further, if the Commissioners determine that the assistance of one or more independent appraisers would be materially useful to their determination of just compensation, they may engage qualified persons at a reasonable rate. All persons engaged by the Chair shall be required to submit monthly invoices to the Chair, who shall review the submissions for reasonableness and submit approved expenses for reimbursement as part of the monthly invoice the Chair submits to the Court.

IV. Pre-Hearing and Hearing Procedures

Hearings to determine just compensation shall be conducted as a trial in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure, except where provisions of the latter are clearly inapplicable to Commission proceedings. *See Columbia Gas Transmission Corp. v. Exclusive Nat. Gas Storage Easement*, 962 F.2d 1192, 1197-99 (6th Cir. 1992); 13 James W. Moore, *Moore's Federal Practice* § 71.1.12[3][d] (3d ed. 2019) (noting that "[t]he Federal Rules of Evidence apply in all condemnation proceedings,

3

whether tried before the court, a jury or a commission"). Each property shall be the subject of a separate hearing before a panel of three Commissioners, unless the Commission decides that commonly owned properties may be considered at one time (in which case a single hearing may be held but separate determinations shall be made as to each property).

The Chair may require that, in advance of a noticed hearing, a Defendant Landowner submit a notice of claimed compensation and that Midship submit a response thereto stating the compensation it believes to be appropriate. Further, the Chair may require that, in advance of the hearing, the parties submit witness and exhibit lists, hearing briefs, and other materials to assist the Commission at the hearing. The parties shall comply with any scheduling order the Chair issues. Failure to comply with an order of the Commission may, unless good cause for the failure is shown, be deemed by the Commission as a waiver of the right at issue, including to present particular evidence; however, no such failure shall be deemed a waiver of the right to receive just compensation as determined by the Commission.

An interested party may request that the Commission view the property that is the subject of a hearing by filing a request with the Commission no later than 30 days prior to the noticed hearing. Any objection to a viewing request shall be filed within seven days of the request's filing. The decision as to whether to view the property shall be made by the Commission, in its discretion, considering whether personal viewing of the property would be of greater use than viewing photographic or video evidence of the property.

At the hearing, the parties shall be permitted to: (1) present opening statements to the Commission, either at the commencement of the proceeding or immediately prior to

the party presenting its evidence; (2) present evidence to the Commission, subject to the Chair's determination of the admissibility of any evidence; and (3) present an oral closing argument.

All hearings must be recorded via a registered court reporter. Midship shall compensate any court reporter used at a hearing at the regular hourly rate of that reporter, in addition to travel expenses. Any party requesting a transcript is responsible for the costs of obtaining the transcript. The reporter shall bill Midship directly, and any issue surrounding billing or payment should be brought to the attention of the Court promptly.

Following a hearing, the Commission shall conduct subsequent deliberations as necessary and, within a reasonable time, determine just compensation in accordance with the instructions issued by the Court. The decision of the Commission is determined by a majority. *See* Fed. R. Civ. P. 71.1(h)(2)(D).

The Commission's findings and conclusions should be set forth in a written Report. The Report need not be limited to a single property but may encompass multiple properties. The Reports shall include all relevant findings of fact and conclusions of law and shall be sufficiently detailed to enable this Court to conduct adequate review. "Conclusory findings are alone not sufficient," because a district court would "have no way of knowing what path the [C]ommissioners took through the maze of conflicting evidence." *United States v. Merz*, 376 U.S. 192, 198 (1964). Thus, although "[t]he [C]ommissioners need not make detailed findings such as judges do who try a case without a jury[,]" the Commissioners must nonetheless "reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance

damages they use, and so on." *Id.*; *see also* 13 James W. Moore, *Moore's Federal Practice* § 71.1.12[4] (3d ed. 2019) ("A report containing only conclusory statements and a summary of the evidence is clearly insufficient."). However, not "every contested issue raised on the record before the [C]ommission must be resolved by a separate finding of fact." *Merz*, 376 U.S. at 198-99.

*V. Instructions*

Pursuant to *United States v. Merz*, 376 U.S. 192 (1964), the Court sets forth the following instructions for the Commission on the relevant law.

It is the duty of the Commission to determine the amount of just compensation owed by Midship to each Defendant Landowner as a result of the taking of easements in this action. Although the Commissioners are the sole finders of the facts, they are duty-bound to follow the law as stated in the instructions of the Court and to apply the law to the facts as they find the facts from the evidence presented to the Commission.

The Commission is not to single out any one instruction alone as stating the law but must consider these instructions as a whole. No Commissioner is to be concerned with the wisdom of any rule of law. Regardless of any opinion that a Commissioner may have as to what the law ought to be, it would be a violation of that Commissioner's duty to base a decision upon a view of the law that contradicts the view given in the instructions of the Court, just as it would also be a violation of the Commissioner's duty, as a finder of the facts, to base a decision on anything other than the evidence in the case.

These instructions are not intended, however, to state fully all rules of law that the Commission may find applicable. The recitation of any rules of law herein is not meant to

exclude different or additional rules, except to the extent that any such rules contradict any statements on the law contained in these instructions. The Commission may make a formal request to the Court to clarify the current instructions or state additional instructions as it deems necessary.

It is the Commissioners' duty to consult with one another and to deliberate with a view of reaching an agreement if they can do so without disturbing their individual judgment. Each of the Commissioners must decide each contested issue for himself or herself, but should do so only after an impartial consideration of the evidence in the case with their fellow Commissioners. In the course of the Commission's deliberations, no Commissioner should hesitate to re-examine his or her views and change his or her opinion if convinced that it is erroneous. However, no Commissioner should surrender his or her honest conclusion as to the weight or effect of the evidence solely because of the opinion of a fellow Commissioner or for the mere purpose of returning a decision. The Commissioners are the impartial triers of the facts. Their sole interest is to ascertain the truth from the evidence in the case.

The Commission must not be influenced by any consideration of sympathy or prejudice. It is the Commission's duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions to the Commission's findings, and to render a decision accordingly. In fulfilling their duty, the Commissioners' efforts must be to arrive at a fair and just compensation award. If a Commissioner has an impression that the Court indicated how any disputed fact should be decided, the Commissioner must put aside such impression because only the Commissioners determine such a matter.

The Commission should consider and decide each hearing as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, whether corporations, private or governmental entities, or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.

In determining just compensation, the Commission is to consider only the evidence in the hearing. The evidence in each hearing consists only of the sworn testimony of the witnesses and all the exhibits received into evidence in that hearing. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection. The evidence does not include any statements of counsel made during the hearing unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist the Commission, but they are not evidence.

There are, generally speaking, two types of evidence from which you may properly determine the facts in each hearing. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts that point to the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in each hearing, you are permitted to draw reasonable inferences from the testimony and exhibits that you feel are justified in

light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the hearing.

In deciding the facts, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. You should take into consideration the witness's means of knowledge, strength of memory, and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony. You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the matter, the conduct of the witness while under oath, and all other facts and circumstances that affect the believability of the witness.

A witness may be discredited or impeached by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something that is inconsistent with the witness's present testimony. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In reaching a conclusion on a particular point, or ultimately in reaching your determination on just compensation, do not make any decisions simply because there were

more witnesses on one side than on the other.

The Commission will likely hear the testimony of one or more witnesses who will express opinions. Scientific, technical, or other specialized knowledge may assist you in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not required, however, to accept such an opinion. You should consider opinion testimony just as you consider other testimony at each hearing. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the hearing. In assessing the qualifications of an opinion witness and the admissibility of his or her opinion testimony, the Commission should apply the standards set forth in *Daubert v. Merrell DowPharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

You may be presented with evidence or testimony about statistical analysis. Such analyses are not irrefutable and, like any other type of evidence, may be rebutted.

You may be presented with diagrams or charts or other types of summaries of evidence or of the testimony of a witness such as an appraiser or accountant. If you find that such charts or diagrams or summaries do not reflect facts and figures shown by the evidence or testimony in this case, then you should disregard them.

An easement creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement. As applicable here, an easement does not confer ownership of the land, only the

right to use the land for the purpose of a natural gas pipeline, approved by the Federal Energy Regulatory Commission. The owner may use the area of the easement for all purposes consistent with the easement. Midship's easement rights are described in paragraphs 26-47 of Midship's Verified Complaint, as amended. The easements are further described and depicted in the certified plat attached to Midship's Complaint and exhibits thereto, as amended, and in the Notices of Commencement of Condemnation Action and exhibits thereto, as amended. Generally, the easements include a permanent non-exclusive pipeline easement and permanent exclusive surface site easements, including but not limited to T-Tap surface site and main line valve site easements; temporary workspace easements; and temporary easements for the purpose of constructing the natural gas pipeline.

The term "just compensation" means the amount of money that will make the Defendant Landowner whole—that is, the amount of money that will put the person whose property has been taken in as good a position as the person would have been had the taking not occurred. In this case, this amount of money includes (1) the fair market value of the easements on each property in question on February 8, 2019 (the date of the taking), plus (2) any injury to the property left remaining after the taking.

The fair market value of the property taken (here, the easements) is the amount of money which a buyer, who is willing but does not have to buy, would pay an owner, who is willing but does not have to sell, to buy the property. The fair market value of the property should be determined according to the highest and best use for which it is suitable, regardless of what it may have been used for in the past or what future use the owner may

11

have intended for it. The Commission's award must be based upon the fair market value of the easements on February 8, 2019, the date of the taking.

In determining the injury to the remaining property, you should determine how much, if at all, the fair market value of this property diminished as a result of the taking of the easements on February 8, 2019. The "remaining property" excludes the easements themselves but includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads. If you find that some features of the easements on a property increased the value of the remaining property and others decreased the value of the remaining property, you should determine the total effect of these increases and decreases on the fair market value of the remaining property. If you find that the value of the remaining property stayed the same or increased, then you should award damages only for the fair market value of the easements on February 8, 2019. You may not offset an increase in the value of the remaining property against the award of damages for the easements.

To determine the fair market value of property, you may consider evidence of comparable sales of other property. Generally, the more similar one property is to another, the closer their values are. In weighing evidence of a comparable sale, you should consider how similar the other property is to the property that was taken. The following are some of the many factors to consider:

   1. How far away the other property is;

   2. How similar the neighborhoods are in which the properties are located;

   3. Any zoning or other restrictions on the uses to which the properties may be put;

    4. The size, condition, and shape of the properties;

    5. How close the date of the other sale was to the date of the taking;

    6. The terms of the other sale; and

    7. Whether the other sale was a voluntary, arms length transaction.

No two properties are identical, and you will need to make appropriate adjustments to account for differences between the properties.

The determination of just compensation in a condemnation case is a matter of sound judgment and discretion based upon a consideration of all of the evidence the Commission has heard and seen.  A landowner whose property rights are taken must not be forced to sacrifice or suffer by receiving less than full and fair value for what was taken.  Just compensation should enrich neither the Defendant Landowner at the expense of Midship nor Midship at the expense of the Defendant Landowner.

*VI. Objections to Orders or Reports*

Upon the filing of an order by the Commission or its Chair, an interested party may file a written objection to the Court (to include any request for an evidentiary hearing) no later than seven days after the order is served.  Fed. R. Civ. P. 53(f)(2).  A response to any objection to an order must be filed within seven days of the objection.

Upon the filing of a Report by the Commission, an interested party may file a written objection to the Court (to include any request for an evidentiary hearing) no later than 14 days after the Report is served.  Fed. R. Civ. P. 53(f)(2).  A response to any objection to a Report must be filed within 14 days of the objection.

This right to object shall constitute the party's notice of and opportunity to be heard on the order or Report. Fed. R. Civ. P. 53(f)(1). Any objection not specifically raised may be deemed to have been waived.

## VII. *Compensation of Commissioners*

The Commissioners have proposed hourly rates ranging from $250 to $300 per hour, and no objection was made to these proposals. For uniformity, the Court determines that a reasonable rate would be $275 per hour for each of the Commissioners, plus reimbursement for mileage at the rate authorized by the Internal Revenue Service for business use and other reasonable case-related expenses at their actual cost. To determine the Commissioners' compensation, the following procedure is ordered:

a. Each Commissioner shall submit monthly invoices to the Court by email to goodwin-orders@okwd.uscourts.gov. Each invoice should state the number of hours spent (to the tenth of an hour) and describe the services rendered;

b. Upon receipt of the invoices from Commissioners, the Court will review the invoices for accuracy and reasonableness and, if approved, will forward the invoices to Midship; and

c. The Commissioners' invoices shall be paid by Midship within 30 days from receipt or, if Midship objects to any invoice, it must file an objection within 10 days of receipt.

IT IS SO ORDERED this 30th day of June, 2020.

_____
CHARLES B. GOODWIN
United States District Judge