UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDSHIP PIPELINE COMPANY, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. CIV-18-858-G <br> ) |
| TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, et al., | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

# ORDER

Now before the Court is Plaintiff Midship Pipeline Company LLC's Emergency Motion for Contempt Against Defendants Sandy Creek Farms, Inc. and Central Land Consulting, LLC (Doc. No. 716). Defendants have responded in opposition (Doc. No. 721). At the request of counsel, the Court delayed setting a hearing on the Motion to allow the parties time to resolve the matter informally. On September 8, 2020, a hearing was held and the parties presented evidence and argument.[1] Having considered the parties' arguments and the evidence in the record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion and finds Defendant Sandy Creek Farms, Inc. to be in civil contempt.

---

[1] The Court heard testimony from Jim Peek, Shannon Farnan, Steve Barrington, Angel Elicerio, Chris Looney, and Mark Johnson, and received Plaintiff's Exhibits 26 through 39, 43, and 45, as well as Defendants' Exhibit 1 and the first page of Defendants' Exhibit 3.

I.   *Standard of Decision*

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (citation omitted). Once the plaintiff makes this showing, the burden shifts to the defendant "to show either that he had complied with the order or that he could not comply with it." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

II.  *Discussion*

As summarized at the hearing, the Court makes the following findings and conclusions:

1. On June 26, 2020, the Court entered a Stipulated Order that addressed restoration and remediation of the easements identified in the Second Amended Verified Complaint and exhibits thereto as Tract Nos. GR-0336.000, GR-0338.000, GR-0340.000, and GR-0340.010 (the "Sandy Creek Easements"). Doc. No. 706. The Stipulated Order directed, in pertinent part, that Defendants (1) "shall not irrigate, release, pump, or discharge water or any other substance in any location that can reasonably interfere with the restoration work," (2) "shall not take any actions to destroy or tamper with any device or facility installed by Midship and its contractors to conduct restoration of the Easements," and (3) "shall not take any action or engage in any other activity that will cause additional

costs or delay in Midship's restoration of the Easements." Stipulated Order at 2-3.[2]

2.In Plaintiff's Motion, Plaintiff contends that on July 28, 2020, persons associated with Defendants violated the Stipulated Order by causing water to seep onto the Sandy Creek Easements. Further, Plaintiff contends that on that same date a person associated with Sandy Creek threatened violence against persons associated with Strike, LLC—the contractor engaged by Plaintiff to construct a pipeline on, and conduct restoration of, the Sandy Creek Easements. Plaintiff also suggests that a person associated with Sandy Creek cut drainage lines and removed filter bags from the Easements.

3.Following the filing of Plaintiff's Motion, but prior to the hearing, Strike, LLC demobilized and departed from the Sandy Creek Easements, and Plaintiff reported to the Federal Energy Regulatory Commission ("FERC") that restoration on the project was complete. Defendants, however, subsequently reported to FERC and to Plaintiff that certain materials and debris remained on the property. At the time of the hearing, FERC had yet to take action on the matter. Although Defendants state that they prefer that a contractor other than Strike, LLC perform any additional work, the parties agree that Strike, LLC's return to the property is one potential outcome of the restoration dispute.

4.Because there is a clear possibility that Strike, LLC may return to the Sandy Creek Easements to perform additional restoration work, Defendants' "motion to dismiss" Plaintiff's Motion as moot is overruled. *See* Defs.' Resp. at 7.

5.Having considered the evidence, the Court concludes that Plaintiff has failed

---

[2] Defendants have not challenged the validity or specificity of the Court's Stipulated Order or their knowledge of the Order's terms. Indeed, Defendants' attorneys participated in the parties' negotiation of the proposed terms of the Stipulated Order. Accordingly, the Court finds that Plaintiff has met its burden on these elements.

to show by clear and convincing evidence that on July 28, 2020, persons associated with Defendants interfered with the restoration work by causing water to seep onto the Sandy Creek Easements or that such persons cut drainage lines and removed filter bags from the Easements. The Court finds, however, that clear and convincing evidence supports Plaintiff's contention that a person associated with Sandy Creek threatened physical violence and that such threats "cause[d] additional costs or delay" to Plaintiff's restoration efforts in violation of the Court's Stipulated Order. Stipulated Order at 3.

6. Deputy Jim Peek testified that on July 28, 2020, he was dispatched to Sandy Creek Farms to investigate the (possibly intentional) cause of water seepage on the Sandy Creek Easements. While at the property, Deputy Peek spoke to Mr. Barrington regarding the issue. As reflected in Deputy Peek's Incident Report, Mr. Barrington told Deputy Peek that "he 'guessed he was going to have to start carrying a gun' and that he was 'going to fill the next one that threatens [him] full of lead.'" Laps Decl. Ex. 2 ("Peek Incident Report") (Doc. No. 721-1) at 26.

7. The testimony of Mr. Elicerio, Shannon Farnan, and Chris Looney reflects that, at least in part as a consequence of Mr. Barrington's threats, Plaintiff or Strike, LLC employees left the area to avoid further confrontation. *See* Pl.'s Mot. Ex. 2 ("Farnan Decl.") (Doc. No. 716-2) at 2. Thus, the evidence shows that they reasonably caused additional delay in the restoration work in violation of the Stipulated Order

8. In view of the evidence presented, the Court determines that Mr. Barrington threatened the safety of persons associated with Strike, LLC. Even if Mr. Barrington's words were empty bluster, or a response to provocation, Mr. Barrington violated this Court's Order.

9. Plaintiff has not shown a knowing violation of the June 26, 2020 Stipulated Order by Defendant Central Land Consulting, LLC or any person associated with that Defendant.

III. *Conclusion*

For the foregoing reasons, Plaintiff has satisfied its burden to show by clear and convincing evidence that Defendant Sandy Creek Farms, Inc. acted in knowing violation of the Stipulated Order issued by this Court. The Court further finds that Defendant Sandy Creek Farms, Inc. has not proffered sufficient justification for its noncompliance and a finding of civil contempt is therefore appropriate. Plaintiff's Emergency Motion for Contempt (Doc. No. 716) is therefore GRANTED IN PART and DENIED IN PART.

In a civil contempt proceeding, damages are remedial or coercive in nature and are intended to "enforce compliance with an order of the court," or to "compensate for losses caused by the noncompliance." *N.L.R.B. v. Monfort, Inc.*, 29 F.3d 525, 528 (10th Cir. 1994); *see Premium Nutritional Prods., Inc. v. Ducote*, No. 07-CV-2098-KHV, 2008 WL 2020390, at *4 n.1 (D. Kan. May 9, 2008). In this matter, Plaintiff does not seek monetary damages, attorney fees, or costs, but instead seeks certain prospective injunctive relief should Plaintiff or its contractors reenter the Sandy Creek Easements to perform additional restoration.[3]

Having reviewed Plaintiff's requested relief, the Court determines that the directives articulated in the Court's Stipulated Order of June 26, 2020, adequately address Plaintiff's

---

[3] At the hearing, and as memorialized in a proposed order submitted to the Court, Plaintiff amended its requested relief from that stated in its Motion.

5

concerns. Accordingly, the Court hereby ORDERS that the Court's Stipulated Order (Doc. No. 706) shall be in effect at all times during which Plaintiff or its contractors perform additional restoration work on the Sandy Creek Easements.

    IT IS SO ORDERED this 16th day of September, 2020.

                                                              _____
                                                              CHARLES B. GOODWIN
                                                              United States District Judge