IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIDSHIP PIPELINE COMPANY, LLC, | § § § | |
| *Plaintiff*, | § § | Case Number: 5:18-cv-858-G |
| vs. | § § § | Judge:  Charles Goodwin |
| TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, *et al.*, | § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF MIDSHIP PIPELINE COMPANY, LLC'S MOTION
FOR SUMMARY JUDGMENT ON JUST COMPENSATION
AS TO REMAINING FEE OWNERS, UNDIVIDED FEE OWNERS
AND THIRD-PARTY INTEREST OWNERS**

Plaintiff Midship Pipeline Company, LLC ("Midship") filed this condemnation action against persons who claim to own real property interests in tracts traversed by the Midship Pipeline with whom Midship had not reached an easement agreement or other agreement for the construction, operation and maintenance of its Pipeline across such tracts.  At the time Midship filed this lawsuit, Midship had reached agreements with more than 70% of the owners of the tracts traversed by the Pipeline.  Midship, as to interest owners in tracts with whom it had not reached an agreement, joined as defendants[1] all (i) owners of claimed fee interests in the tracts and identified on **Exhibit 1** hereto (collectively, the "Fee Owners"),  (ii) owners of undivided fee interests in the tracts and identified on

---

[1] Including unknown heirs, successors and assigns or unknown owners.

**Exhibit 2** hereto (collectively, the "Undivided Fee Owners"), and (iii) third-party interest owners in the tracts who claim to own non-fee interests, including exclusive easements, tax liens, leases, mortgages, and option rights claimed by Central Land Consulting, LLC ("CLC") and identified on **Exhibit 3**[2] hereto (collectively, the "Third-Party Interest Owners").[3] As to each of these three categories of interest owners identified in Exhibits 1-3, Midship seeks summary judgment as follows: (1) as to the Fee Owners, Midship seeks summary judgment that just compensation due them for the taking of the easements sought by Midship is the amount of just compensation determined by Midship's appraiser to be due such owners, as said amounts are listed on **Exhibit 1** hereto, (2) as to Undivided Fee Owners, Midship seeks summary judgment that just compensation due them for the easements sought is the amount of just compensation determined by Midship's appraiser to be due such owners based on their respective undivided ownership interests, as said amounts are listed on **Exhibit 2** hereto, and (3) as to Third-Party Interest Owners, Midship seeks take nothing summary judgment declaring that such owners are due no amount of just compensation for their claimed interests.

Summary Judgment as requested by Midship is warranted because the remaining Fee Owners, Undivided Fee Owners and Third-Party Interest Owners have the burden to

---

[2] Exhibits 1 through 3 list only Fee Owners, Undivided Fee Owners and Third-Party Interest Owners who remain in the case.

[3] All of the Fee Owners who remain as Defendants in this case are affiliated with CLC, and on the tracts owned by remaining Undivided Interest Owners, only four (VL-ST-003.000, VL-ST-0018.010, VL-ST-0026.000, and GA-0469.010) have no affiliation with CLC, while on Tract GA-0453.000, CLC-affiliated owner owns 12.22%.

establish entitlement to, and the amount of just compensation due them, but they have all failed to: (i) present any timely and, or competent evidence of entitlement to, and, or the amount of just compensation due, (ii) make any of the disclosures required under Federal Rule of Civil Procedure 26, (iii) timely and properly respond to Midship's interrogatories, requests for production, and requests for admissions, and (iv) provide the requisite Notices of Claimed Compensation that were due on October 15, 2020. Dkt. 718. *See* Affidavit of Vadim Bourenin ("Bourenin Affidavit") attached hereto as **Exhibit 4**.

The affidavit of Midship's appraiser, Michael O'Brien ("O'Brien Affidavit") attached hereto as **Exhibit 5**, affidavit of Suzanne Hickham, Director of Upstream Infrastructure, serving Midship, attahed hereto as **Exhibit 6** ("Hickham Affidavit"), and the **Exhibits 1** and **2** attached hereto, establish the amount of total just compensation due the Fee Owners and Undivided Fee Owners, for the taking of the easements sought, and there is no competent evidence to the contrary.  As to the Third-Party Interest Owners they have admitted that they are not entitled to just compensation or have offered no evidence of their entitlement to, and the amount of just compensation allegedly due them.

## I.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1. This case was brought pursuant to Midship's exercise of its eminent domain powers under Section 7(h) of the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h).

2. Midship is an interstate natural gas company as defined by 15 U.S.C. § 717a(6).

3. Midship is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"), and is authorized to construct, own, operate, and maintain pipelines for the transmission of natural gas in interstate commerce.  15 U.S.C. § 717 a-z.

4. On August 13, 2018, FERC issued a Certificate of Public Convenience and Necessity (the "FERC Certificate") authorizing Midship to provide up to 1,440 million standard cubic feet ("MMcf") per day of incremental firm transportation capacity from the Anadarko Basin in Oklahoma to Gulf Coast and Southeast markets. (the "Midship Project"). Dkt. 1-3 at p. 2.

5. On September 4, 2018, Midship filed its Verified Complaint for Condemnation, seeking an order of condemnation for the permanent pipeline, temporary work space, surface sites, permanent and temporary road access, and other rights-of-way and easements (the "Midship Easements").

6. Simultaneously with the Verified Complaint for Condemnation, Midship filed its Motion for Order Confirming Condemnation Authority and Awarding Immediate Possession of Easements Sought, and Expediting Briefing and Hearing Schedule. Dkt. 61.

7. The defendants were served with the Notice of Commencement of a Condemnation Procedure pursuant to Federal Rule of Civil Procedure 71.1 in person or by publication.

8. By its Order of February 6, 2019, this Court confirmed Midship's right to condemn and immediately, upon posting a security deposit, possess and access the Midship Easements. Dkts. 613, 641.

9. Midship has posted the requisite security deposit, and has taken possession of the Midship Easements on the tracts subject to this civil action. The only remaining issues are the determination of just compensation owed for the subject takings and a final award to Midship of the Midship Easements. *Id.*

10. On August 30, 2019, this Court granted Midship's motion to appoint a commission to determine just compensation, and on October 9, 2019, appointed commissioners. *See* Dkts. 657, 666.

11. On August 21, 2020, the Commission entered its Scheduling Order (Dkt. 718), which established October 1, 2020 as the deadline for Federal Rule of Civil Procedure 26(a)(1) disclosures, October 15, 2020 as the deadline for defendants' expert disclosures, January 3, 2020 as the deadline for Plaintiff's expert disclosures, and February 22, 2021 for the completion of discovery.[4] Dkt. 718.

12. None of the Fee Owners, Undivided Fee Owners and Third-Party Interest Owners listed on Exhibits 1-3 to this Motion: (i) made any proper and timely disclosures required under Rule 26[5], (ii) properly and timely responded to Midship's served interrogatories, requests for production, and requests for admissions, or (iii) provided a proper and timely Notice of Claimed Compensation as required by the Commission's scheduling order. *See* Bourenin Affidavit, at ¶¶7-11. While Nathan Laps, President of CLC, on October 16 and 20, 2020, submitted to Midship's counsel purported partial Rule 26(a)(1) disclosures and "expert" reports for the remaining Fee Owners and Undivided Fee Owners, the Court subsequently entered an order finding such purported disclosures to have no legal effect. Court's Order. Dkt. 749. The Fee Owners, Undivided Fee Owners

---

[4] Deadlines were modified for defendant Sandy Creek Farms, Inc. Dkt. 736. Defendant Sandy Creek Farms, Inc. is not included in this Motion.

[5] Defendant Sandy Creek Farms, Inc., which is not subject of this Motion, made Fed. R. Civ. P. 26(a)(1) disclosures.

and Third-Party Interest Owners remaining in this case have made no other disclosures in this case including disclosures of any experts by the deadline established by the Commission. *See* Bourenin Affidavit, at ¶9.

13. Midship timely disclosed Michael O'Brien and Walker Kelly as experts in real estate valuation. Dkt. 740.

14. Mr. O'Brien and Mr. Kelly prepared appraisals and opined on the total just compensation for the taking of the Midship's Easements with respect to the entire fee estate in the lands across which the easements traverse. *See* O'Brien Affidavit, Ex. 5, at ¶6. Appraisals were made available to the remaining Fee Owners and Undivided Fee Owners by Midship mailing said appraisals first-class mail to their last known address. The amounts of just compensation determined by Midship's appraisers to be due the Fee Owners and Undivided Fee Owners with respect to the Midship Easements are depicted on Exhibits 1 and 2.

## II.  SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Untisz v. City of Greenwood Vill.*, 562 Fed. App'x 612, 613 (10th Cir. 2014). The moving party has the initial burden of demonstrating the lack of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact. *Id*. The party opposing the motion must present sufficient evidence

in specific, factual form for a jury to return a verdict in that party's favor. *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

### III. ARGUMENT

This Court instructed that just compensation for the taking should include: (1) the fair market value of the easements on each property in question on February 8, 2019 (the date of the taking), and (2) any injury to the property left remaining after the taking as a result of imposition of the easement as of February 8, 2019. Dkt. 708. The landowner has the burden of proving the value of the land taken. *U.S. v. 10,031.98 Acres of Land*, 850 F.2d 634, 638 (10th Cir. 1988) ("in condemnation cases the landowner has the burden of establishing property values"); *McAllester Urban Dev. Auth. v. Lorince*, 519 P.2d 1346, 1349 (OK 1973) (same).

When a permanent easement is condemned, "the Court must consider not only the market value of the property and the amount of land taken, but also the percentage of the original bundle of ownership rights that the owner retains on the encumbered land." *Portland Nat. Gas Transmission Sys. v. 19.2 Acres of Land*, 195 F. Supp. 2d 314, 322 (D. Mass. 2002), *aff'd,* 318 F.3d 279 (1st Cir. 2003); *see also Columbia Gas Transmission, LLC v. 76 Acres*, *More or Less in Baltimore and Hartford Counties, Maryland*, 701 Fed. App'x 221, 227–28 (4th Cir. 2017) (holding that a landowner may recover for the part taken and the damages upon the area remaining landowner's lands).

When a temporary easement is condemned, compensation is measured by "the rental value of the property for the period of occupation" which is "commonly measured by the rental value of the property as a whole." *Portland Nat. Gas*, 195 F. Supp. 2d at 322;

*see also 76 Acres*, 701 Fed. App'x at 227 ("Where a taking is temporary in duration rather than permanent, then the condemning authority 'essentially takes a leasehold in the property,' and 'the value of the taking is what rental the marketplace would have yielded for the property taken.'" *U.S. v. 77,819.10 Acres of Land*, 647 F.2d 104, 107 (10th Cir. 1981) (using fair rental value).

When there is no genuine issue of material fact with respect to the amount of just compensation due to the landowner, the court may award summary judgment to the plaintiff in a condemnation action. *See Hardy Storage Co., LLC v. An Easement to Construct, Operate & Maintain 12-Inch & 20-inch Gas Transmission Pipelines Across Props. in Hardy*, No. CIV. A.2:06CV7, 2009 WL 900157, *2 (N.D. W. Va. Mar. 31, 2009) (granting plaintiff's motion for summary judgment on just compensation where landowner failed to offer admissible evidence as to just compensation); *see also Columbia Gas Transmission Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 461−62 (W.D. Va. 2008) (granting summary judgment on issue of compensation where landowner failed to file an answer, respond to the summary judgment motion, or offer any evidence of just compensation).

Furthermore, if the condemnor is the only party to submit evidence of the value of the real property taken, that evidence may be used to determine the just compensation of the property. *Atl. Coast Pipeline, LLC v. 1.52 Acres, More or Less, in Nottoway Cnty., Virginia*, No. 2:18-CV-00106-JAG, 2019 WL 148402, *7 (E.D. Va. Jan. 9, 2019). Alternatively, where a landowner in a condemnation action cannot meet its burden of proof with respect to just compensation, the Court/Commission may award nominal damages. *See Columbia Gas Transmission, LLC v. An Easement to Construct, Operate & Maintain*

*a 20-Inch Gas Transmission Pipeline Across Props. in Allegheny Cnty., Pennsylvania*, No. CV 17-1191, 2018 WL 348844, *5 (W.D. Pa. Jan. 10, 2018) ("Nominal damages are appropriate because although defendant landowners are entitled to 'just compensation' for the taking, they did not appear to contest the condemnation and taking or to offer a valuation, must less evidence through any expert, and thus necessarily did not meet their burden of establishing just compensation.").

None of the Fee Owners, Undivided Fee Owners[6] and Third-Party Interest Owners[7]: (i) made any proper and timely disclosures required under Rule 26, (ii) timely and, or properly responded to Midship's served interrogatories, requests for production, and requests for admissions,[8] or (iii) provided a proper and timely Notice of Claimed

---

[6] The CLC-affiliated Fee Owners and CLC-affiliated Undivided Interest Owners filed an appearance on November 16, 2018, through counsel (Dkts. 506, 513), but that counsel withdrew. Dkt. 653. New counsel filed appearance on August 23, 2019 (Dkt. 654, 655), but also withdrew (Dkts. 668, 670), and the Court ordered the CLC-affiliated Fee Owners and Undivided Fee Owners to engage new counsel by December 10, 2019. Dkt. 670. No counsel has filed an appearance on behalf of the remaining owners (except for Sandy Creek Farms, Inc, which is not subject to this Motion, and CLC as of March 5, 2021(Dkt. 752).

[7] On January 3, 2019, CLC, through its then counsel, filed Rule 26(a)(1) disclosures, but provided no just compensation disclosure and simply stated that CLC would comply with Rule 26's requirements with respect to expert witnesses. No such subsequent disclosure was ever provided by CLC. Bourenin Affidavit at ¶9.

[8] On March 12, 2019, Midship's counsel served discovery requests, including interrogatories, requests for admission, and requests for production upon the CLC and CLC-affiliated Fee Owners and Undivided Fee Owners by and through their then counsel. The due date for those requests was on or before September 30, 2019. Attorney Carolyn Elefant on November 25, 2020, almost fourteen (14) months late, submitted partially completed responses on behalf of certain CLC-affiliated Fee Owners and Undivided Fee Owners and CLC for tracts CL-KI-0078.000, CL-KI-0079.000, CL-KI-0080.000, CN-0020.000, CN-0027.000, CN-0052.000, CN-0060.000, CN-0062.000, CN-0069.000, GR-0113.010, GR-0115.010, GR-0126.010, GR-0133.010, GR-0134.010, GR-0135.010, GR-0139.010, GR-0140.010, GR-0147.010, GR-0310.000, GR-0312.010, and GR-0353.010. *See* Bourenin Affidavit at ¶7. Responses contained mostly objections and only some answers to interrogatories. Certificates of service of discovery responses were

9

Compensation as required by the Commission's scheduling order. *See* Bourenin Affidavit, at ¶¶7-11. While Mr. Nathan Laps, President of CLC, on October 16 and 20, 2020, submitted to Midship's counsel purported partial Rule 26(a)(1) disclosures and "expert" reports for certain Fee Owners and Undivided Fee Owners, the Court subsequently entered an order holding such purported disclosures to be of no legal effect. *See* Court's Order, Dkt. 749. The Fee Owners and Undivided Fee Owners have made no other disclosures in this case, including disclosures of any experts by the deadline.

Interrogatories that Midship served on the Fee Owners and Undivided Fee Owners included the following interrogatory:

> **INTERROGATORY 5:** State the total amount of money that You believe will constitute just compensation to You for the Easements sought by Plaintiff, including, but not limited to, describing:
>
> 1. Each and every element of cost, damage, or injury which You have included in the total amount of money that You believe will constitute just compensation to You for the Easements sought by Plaintiff;
> 2. The nature of each and every such element of cost, damage, or injury;
> 3. The dollar amount of each and every such element of cost, damage, or injury;
> 4. How such amounts of each and every such element of cost, damage, or injury were calculated; and
> 5. The identity of each and every appraisal, personal opinion, or other source that was used by each and every person who contributed to the calculation of each and every such element of cost, damage, or injury.

---

signed by attorney Elefant who was not then and is not counsel of record for any of the Fee Owners (other than Sandy Creek Farms) or Undivided Fee Owners, and the interrogatory answers were not signed or verified by the landowners as provided for by FRCP 33. *See id*.

10

*See* Bourenin Affidavit at ¶6, Attachment 1A.  As stated above, the CLC-affiliated Fee Owners and Undivided Fee Owners have never provided a verified response signed by such owners or a response signed by counsel of record of their behalf.

Requests for Admission that Midship served on non CLC-affiliated Undivided Fee Owners included the following request:

> **REQUEST FOR ADMISSION 2.** Admit that the appraisal made available to You by Plaintiff with an effective date of July 16, 2018, reflects all just compensation owing to landowners in association with Midship's taking of the Easement.

*See* Bourenin Affidavit at ¶6, Attachment 1B.

The Requests for Admission that Midship served on the Third-Party Interest Owners, other than CLC, included the following requests:

> **REQUEST FOR ADMISSION 3**.  Admit that Your interest in the Property has not been, is not and will not be adversely affected by Midship's taking of the Easement.
>
> **REQUEST FOR ADMISSION 4**. Admit that you are not entitled to any just compensation for the Easement sought by Plaintiff.
>
> **REQUEST FOR ADMISSION 5**. Admit that you have not been and will not be damaged by Midship's taking of the Easement.

*See* Bourenin Affidavit at ¶6, Attachment 1C.  None of these listed in the Exhibit 3 to this Motion Third-Party Interest Owners answered Midship's Requests for Admission.

The Requests for Admission that Midship served on CLC included the following requests:

> **REQUEST FOR ADMISSION 1**: Admit that CLC's only interest in the Property may be as the holder of an option that has not been exercised.

11

> **REQUEST FOR ADMISSION 2**: Admit that CLC's only interest in the Property is only a future, non-compensable option interest that is non-binding.
>
> **REQUEST FOR ADMISSION 3**: Admit that CLC's interest in the Property will not be adversely affected by Plaintiff's taking of the Easement.
>
> **REQUEST FOR ADMISSION 4**: Admit that CLC is not entitled to any just compensation for the Easement sought by Plaintiff.

*See* Bourenin Affidavit at ¶6, Attachment 1D. CLC responded to Midship's discovery requests, albeit almost fourteen months late, providing only objections and did not answer any of these straightforward Requests for Admission. *See* Bourenin Affidavit at ¶7. Furthermore, the responses were not signed by CLC or counsel of record and only the certificate of service on the responses was electronically signed by Ms. Elefant, who admitted she did not represent CLC on anything other than the Sandy Creek Farms contempt matter. *Id.*

Rule 36(a) provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted. * * * Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(a) and (b); *also Frane v. JP Morgan Chase Bank, N.A.*, 639 F. App'x 577 (10th Cir. 2016) (unanswered requests for admission were deemed admitted by the court); *Am. Gen. Life & Acc. Ins. Co. v. Findley*, No. CV 12-01753 MMM PSWX, 2013 WL 1120662, at *1 (C.D. Cal. Mar. 15, 2013). The rule is self-executing, and the court cannot ignore the admissions

in considering the parties' motions for summary judgment unless it first grants a motion to waive or amend. *Page v. Hense*, No. 1:10–cv–01186–AWI–SKO, 2013 WL 164224, *7 (E.D.Cal. Jan.15, 2013); *J & J Sports Prods., Inc. v. Perez*, No. CIV-11-1010-R, 2012 WL 3112421, *1 (W.D. Okla. 2012) (by operation of law, a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney). A summary judgment motion can be based upon deemed admissions. *See O'Campo v. Hardisty*, 262 F.2d 621, 623–24 (9th Cir.1958) (affirming the entry of summary judgment based on unanswered requests for admissions).

On January 3, 2021, Midship filed its "Plaintiff's Expert Witness Disclosures Pursuant to FRCP 26(a)(2)," in which Midship disclosed Michael O'Brien and Walker Kelly as experts in real estate valuation. Dkt. 740. Mr. O'Brien and Mr. Kelly prepared an appraisal of the properties and opined on just compensation for the taking of the Easements (the "Appraisal" or "Appraisals"). The Appraisals were provided to the respective remaining Fee Owners and Undivided Fee Owners.

In preparing the Reports, Midship's appraisers determined the market value of the fee lands burdened by the Midship Easements across each parent tract or tracts. Midship's appraisers then determined (i) the market value of the land rights taken in connection with the Midship Easements and the rental value of all temporary easements for the duration of such easements, and (ii) whether the portion of the parent tract or tracts remaining after the taking of the Midship Easements diminished as a result of the imposition of the Midship Easements on February 9, 2019, and if so, by how much, with the sum of both (i) and (ii)

13

being Midship's appraisers' opinion of total just compensation for the taking of the Midship Easements across each parent tract or tracts. The Midship's appraisers' conclusions as to total just compensation for the taking of the Midship Easements across each parent tract or tracts are listed on Exhibits 1 and 2 attached hereto and referenced in said affidavit, with Exhibit 1 describing just compensation for each Fee Owner opposite their names and Exhibit 2 describing just compensation for each Undivided Fee Owner opposite their names, based on their respective undivided ownership interests in the parent tract or tracts. *See* O'Brien Affidavit at ¶6; *also* Hickham Affidavit at ¶6. Midship's appraiser determined that all of the just compensation to which he opines is for the entire fee interest in the affected tracts, and has concluded that the total amount of just compensation so determined to be due for the Midship Easements and for damages, if any, to the remaining lands on the date of take due to the imposition of the Midship Easements, are attributable to the fee estate in the subject tracts, and not the individual interests of the Third-Party Interest Owners. *See* O'Brien Affidavit, at ¶7.

No genuine issue of material fact exists with respect to the amount of just compensation due to the Fee Owners, Undivided Fee Owners and the Third-Party Intertest Owners, Accordingly, Midship is entitled to summary judgment that (i) the just compensation for the taking of the Midship Easements due the Fee Owners is as shown on Exhibit 1 attached hereto, (ii) the just compensation for the taking of the Midship Easements due the Undivided Fee Owners is as shown on Exhibit 2 attached hereto, and (iii) the Third-Party Interest Owners are due no just compensation and that they take nothing. Additionally, Midship is entitled to judgment as a matter of law awarding Midship

14

the easements it seeks as to the interests of the Fee Owners, Undivided Fee Owners and Third-Party Interest Owners.

## **CONCLUSION**

No genuine issue of material fact exists regarding the amount of just compensation owed to the Fee Owners, Undivided Fee Owners and Third-Party Interest Owners. Such Owners with the burden of proof to establish just compensation, have presented and can present no competent and, or timely evidence of just compensation due, and Midship has offered uncontroverted competent evidence of the amount of just compensation due the Fee Owners and Undivided Fee Owners and that no just compensation is due the Third-Party Interest Owners. For all of the foregoing reasons, Midship respectfully requests that this Commission grant Midship's Motion for Summary Judgment and enter a judgment awarding the Fee Owners the amounts of just compensation listed opposite their names on Exhibit 1, the Undivided Fee Owners the amounts of just compensation listed opposite their names on Exhibit 2, and the Third-Party interest Owners no just compensation, and awarding Midship the easements it seeks as against the interests of the Fee Owners, Undivided Fee Owners and Third-Party Interest Owners.

        Respectfully submitted,

        /s/ *Thomas A. Zabel*
        ZABEL FREEMAN
        Thomas A. Zabel (Attorney in charge)
        Texas Bar No. 22235500
        tzabel@zflawfirm.com
        Vadim O. Bourenin
        Texas Bar No. 24076284
        vbourenin@zflawfirm.com
        1135 Heights Boulevard,

Houston, TX 77008
713-802-9117 (telephone)
713-802-9114 (facsimile)

and

WILLIAMS, BOX, FORSHEE &
BULLARD, PC
David M. Box, OBA #21943
Mason J. Schwartz, OBA #32864
522 Colcord Drive
Oklahoma City, OK 73102-2202
( 405) 232-0080
(405) 236-5814 Fax
box@wbfblaw.com
dmbox@wbfblaw.com

and

HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.
Mark Banner, OBA #13243
320 North Boston, Suite 200
Tulsa, OK 74103-3706
Telephone:  (918) 594-0432
Facsimile:  (918) 594-0505
Email:  mbanner@hallestill.com
**ATTORNEYS FOR PLAINTIFF,
MIDSHIP PIPELINE COMPANY, LLC**

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23d day of March 2021, I electronically filed "Plaintiff Midship Pipeline Company, LLC's Motion for Summary Judgment as to Just Compensation Owed to Remaining Defendants" with the Clerk of the Court using the court's CM/ECF system, which will send a notice of electronic filing to all counsel of record. The copy of the foregoing will be mailed by first-class mail to the last known address of the remaining defendants.

                Respectfully submitted,

                /s/ *Thomas A. Zabel*