# EXHIBIT 3



March 26, 2021

To the Honorable Commissioners:

Plaintiff Midship Pipeline Company, LLC ("Midship") provides this brief response to the March 24, 2021 email to the Commissioners from Carolyn Elefant, counsel for Defendants Sandy Creek Farms, Inc. and Central Land Consulting, LLC, and reserves the right to file additional responses to any record filings by the Defendants related to same.

Ms. Elefant submitted to the Commission the FERC Order on Environmental Compliance dated March 18, 2021, which mandates Midship to continue restoration activities on a number of tracts ("the Order"). *See* 174 FERC ¶ 61,220. The Order requires Midship to take various actions to ensure compliance with the Commission's Certificate Order. *Id.* at p. 6. The Order further gives Midship ten days to provide a plan and sixty days to conduct these activities, with the possibility of extending those deadlines under certain circumstances. *Id.* at ¶ 10. While these restoration activities are ongoing, and as a result of them, the situation will necessarily be fluid and subject to change on each tract. Consequently, as Midship emphasized in its briefs, any construction-related claims and damages that are alleged to have occurred after the date of take and that are alleged to be non-compliant with the FERC Certificate requirements, are post-date of take claims that are not included in the determination of just compensation as the Court's instructions make clear, and at this point in time are purely speculative. Notably, the Order primarily concerns issues related to alleged contour issues, debris, and ponding on the Midship easements, all post-date of take construction issues.

The Order does not deal with the restoration of crop productivity, over which FERC has oversight. *Id.* at ¶ 8. As Midship pointed out, FERC authorization documents provide for periods of two and three years for the completion for Midship's obligation to achieve certain crop restoration parameters. *See e.g.*, Dkt. 625-5 at pp. 62, 71; 625-6 at p. 22. As a result, claimed damages for post-date of taking crop-related issues will also remain speculative. Just compensation cannot be awarded for damages occurring after the date of take in a federal condemnation action, let alone speculative damages. *See Olson v. U.S.*, 292 U.S. 246, 262-63 (1934); *U.S. v. 494.10 Acres of Land*, 592 F.2d 1130, 1132 (10th Cir. 1979).

Aside from the speculative nature of such claims and the fact that post-date of take claims are improper in a federal condemnation action, as a practical matter, it would be unreasonable to expect that competent evidence of post-date of taking alleged new conditions on the properties could be gathered in the time frame that Ms. Elefant alludes to, and, if considered, would substantially delay all just compensation hearings. That is far afield from Ms. Elefant's claimed interest in judicial economy.

      Ms. Elefant also suggests that the decision in *State v. Trade Winds Motor Hotel E., Inc.*, 2021 OK. Civ. App. ¶ 6 (Okla. Civ. App. 2020), is relevant authority. It is not. The decision in *Trade Winds* was governed by state procedure, pursuant to which the court allowed the joinder of contractors, along with **counterclaims** for negligence, trespass, and nuisance. *Id.* at ¶ 8. As Defendants concede in their response to Midship's Motion in Limine, Federal Rule of Civil Procedure 71.1 does not permit such joinder or counterclaims. Further, in *Trade Winds* (and *Graham*, for that matter), the construction and restoration were complete. *Id. at* ¶ 34 and ¶ 25 (citing *State v. Adams*, 187 Okla. 673, 105 P.2d 416 (Okla. 1940), for the proposition that negligent damages in cases where the project is not finished are speculative and should not be allowed). As the FERC Order shows, construction and restoration are far from complete in this case. Moreover, in *Trade Winds*, the court allowed the admission of evidence relating to tortious damages, in part, because, if not asserted in that case, because of its posture, the right to seek them in that case would be lost. In contrast, in this case Midship has conceded that the Defendants can pursue the recovery of damages for alleged tortious damages, just not in a federal condemnation action, where just compensation is determined as of the date of take and counterclaims for post-date of take damages are not allowed. Accordingly, *Trade Winds* should not guide the Commission's decision on Midship's Motion in Limine.

                                        Respectfully Submitted

                                        s/ *Thomas Zabel*
                                        Thomas A. Zabel