## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIDSHIP PIPELINE** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Case Number: 5:18-cv-858-G** |
| vs. | § | |
| | § | **Judge: Hon.  Charles Goodwin** |
| **TRACT NO. CN-0004.000,** | § | |
| **1.504 ACRES OF LAND, MORE** | § | |
| **OR LESS, PERMANENT** | § | |
| **EASEMENT IN CANADIAN** | § | |
| **COUNTY, OKLAHOMA, et al.,** | § | |
| | § | |
| *Defendants.* | § | |

**NOTICE OF DEFENDANT LANDOWNERS' WITHDRAWAL OF OPPOSITION  TO MOTION TO EXCLUDE DAMAGES (DOC. 743) AND TO CONCEDE  MOTIONS TO EXCLUDE EXPERTS (DOC. 783, DOC. 785)**

Sandy Creek Farms LLC and all Defendant Landowners represented by undersigned counsel notify this court of (1) withdrawal of opposition to motion to Midship's Motion to Exclude Damages (Doc. 743) and as a result, to concede Midship's Motion to exclude Defendant Sandy Creek Farm's experts, appraiser Jon Brown and soil scientist Kyle Horn whose testimony relates to damages and not just compensation which is the sole issue in this proceeding.  In support of this Notice, Defendants state the following:

1.      On January 3, 2021, Plaintiff Midship Pipeline filed a motion to exclude damages such as crop loss, broken irrigation equipment and restoration costs from the condemnation case (Doc. 739), arguing that damages claims are outside the scope of the amount of just compensation due defendants for the taking and are akin to counterclaims prohibited by Fed. Rule Civ. Proc. 71.1.

1

2.      On January 25, 2021, Defendant Sandy Creek Farms (which at the time, was the only represented landowner), filed a response opposing Midship's motion to exclude. At the time Sandy Creek Farms filed its opposition, the property remained deeply and irreparably damaged by construction of the Midship Pipeline to the tune of millions of dollars.  However, it was unknown whether the Federal Energy Regulatory Commission (FERC), the agency that regulates construction of interstate gas pipelines would step in and force Midship to honor its regulatory obligation to remediate the properties.  Unsure of whether FERC would act, Sandy Creek Farms attempted to preserve the condemnation proceeding as a forum for damages. Sandy Creek Farms' position on inclusion of damages was sound -- its motion included numerous cases to support its argument that cost to cure damages to the property is potentially a valid, legal method for determination of just compensation.

3.      As noted, Sandy Creek Farms demonstrated that cost to cure and damages *could* lawfully be included in a condemnation case.  But Sandy Creek Farms later reconsidered whether damages *should* be included in the condemnation case in the wake of FERC's  March 18, 2021 compliance order. There, FERC found that Midship had failed to remediate dozens of tracts and instructed Midship to work with landowners to restore all damaged properties, including Sandy Creek Farms.

4.      Since the March 18, 2021 order, Midship and the landowners have engaged in a frenzy of mediations, site visits, investigations and negotiations of self-performance damages payments. These discussions in turn resulted in Midship making some repairs, and also negotiating resolution of the eminent domain matters with landowners, with three condemnation cases resolved so far and more to come.[1]

---

[1] As Landowners pointed out in their Opposition to the Motion for Summary Judgment, up until early March 2021 (when the parties anticipated action by FERC), Midship had refused to negotiate just compensation settlements unless landowners agreed to forfeit their right to file

5.      With the issuance of the FERCLandowners order, Sandy Creek Farm and the defendants now have a forum to address restoration of the properties. Moreover, the FERC forum is superior because of the expertise that FERC staff can bring to evaluation of the damages -- including crop loss and equipment -- and guiding the parties to a resolution that will make landowners whole while enabling Midship to fulfill its regulatory obligations.

6.      Oklahoma courts recognize that multiple fora may be available to hear different aspects of a condemnation case. In *State v. Trade Winds Motor Hotel E., Inc.*, 2021 OK Civ. App. 6 (Okla. Civ. App. 2020), the Oklahoma court permitted the property owner to present evidence of damages caused by the condemnor's construction because the damages were complete and known at the time of the condemnation.  But had that not been the case, the property owner would have had to bring a separate lawsuit.  Similarly here, while the FERC proceedings and restoration efforts are ongoing, the ultimate extent of damages is not yet known and therefore, remains a better subject for FERC to deal with.

6.      For all of these reasons, Sandy Creek Farms and the defendants now agree that the appropriate course of action is for the landowners to focus their resources on resolving the restoration claims in the FERC process, and to limit the scope of the condemnation proceedings to the matter of just compensation.

Respectfully submitted,

*/s/ Carolyn Elefant*
Carolyn Elefant (Bar No. 425433 )
Law Offices of Carolyn Elefant
1440 G Street N.W. 8th Floor
Washington D.C. 20005

---

complaints about damages to FERC. Since this was a non-starter for obvious reasons, at least 75 tracts pending in the Western District of Oklahoma were not resolved.  In another filing, the landowners have asked the court to modify the current eminent domain schedule to allow for voluntary resolution of some of these claims.

3

202-297-6100
carolyn@carolynelefant.com
*Pro hac vice admission granted*

—and—

Elaine M. Dowling (OBA #14, 217)
6801 Broadway Extension, Suite 310
Oklahoma City, OK 73116
405-842-8005—telephone
405-840-6367—fax
dowlinglawoffice@aol.com
Local Counsel

4

## CERTIFICATE OF SERVICE

I certify that on the 14th day of May, 2021, I caused to be served the foregoing Notice to be served on the Commissioners and parties to the case.

Respectfully submitted,

*/s/ Carolyn Elefant*
Carolyn Elefant (Bar No. 425433)
Law Offices of Carolyn Elefant
1440 G Street N.W. 8th Floor
Washington D.C. 20005
202-297-6100
carolyn@carolynelefant.com
*Pro hac vice admission granted*

—and—

Elaine M. Dowling (OBA #14, 217)
6801 Broadway Extension, Suite 310
Oklahoma City, OK 73116
405-842-8005—telephone
405-840-6367—fax
dowlinglawoffice@aol.com
LOCAL COUNSEL for SANDY CREEK FARM
INC. & CENTRAL LAND