UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-18-858-G |
| ) | |
| **TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, et al.,** ) ) ) ) ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

Now before the Court is Plaintiff Midship Pipeline Company, LLC's ("Midship") Motion to Substitute (Doc. No. 841). Plaintiff Midship seeks to substitute Rory Rother, the Successor Trustee of the Vincent N. Rother Revocable Trust as a named defendant in place of Defendant Vincent N. Rother pursuant to Federal Rule of Civil Procedure 71.1(g). No party filed a response to the instant Motion within the time permitted or otherwise objected on the record to this substitution.

The Motion states that Plaintiff Midship joined Defendant Rother in this action as co-owner of the undivided fee of the tract of land identified as Tract No. CL-KI-0026.000 (the "Property"). *See* Mot. at 1-2. On November 19, 2018, Defendant Rother conveyed his interest in the Property by Warranty Deed to the Vincent N. Rother Revocable Trust Dated November 19, 2018. *See* Pl.'s Ex. 1 (Doc. No. 841-1). The Warranty Deed was recorded in Kingfisher County, Oklahoma on November 20, 2018. *See id.* On November

19, 2018, Rory Rother was appointed as Successor Trustee for the Vincent N. Rother Revocable Trust pursuant to a Memorandum recorded in Kingfisher County, Oklahoma. *See* Ex. 2 (Doc. No. 841-2).  Defendant Rother died in January 2019.

On January 20, 2021, the District Court of Canadian County, Oklahoma, entered an Order in the probate proceeding for Defendant Rother determining Rory Rother to be the Divisee and Legatee to Defendant Rother, as Successor Trustee of the Vincent N. Rother Revocable Trust.  *See* Ex. 4 (Doc. No. 841-4).  Plaintiff Midship therefore argues that Rory Rother, as Successor Trustee of the Vincent N. Rother Revocable Trust, is the proper party to claim compensation for the taking of the easement across the Property.

Federal Rule of Civil Procedure 71.1(g) permits the substitution of a defendant in a condemnation proceeding "[i]f a defendant dies, becomes incompetent, or transfers an interest after being joined" upon motion and notice to the proposed substituted parties.  Fed. R. Civ. P. 71.1(g).  Although Plaintiff Midship has not submitted materials evidencing notice of this condemnation proceeding or this Motion to the proposed substitute party, in consideration of the record presented, the Court finds good cause to grant Plaintiff's Motion.  Plaintiff can satisfy the formal notice requirements in Rule 71.1(g) and Rule 71.1(d)(3) following the entry of this Order.  *See United States v. 0.17 Acres of Land*, Civil Action No. 7:09-cv-9, 2019 WL 13191644, at *2 (S.D. Tex. Feb. 28, 2019) ("[A]lthough, the Substitute Parties must be properly served, Rule 71.1(g) does not require that notice be served *before* the parties are substituted for a named defendant, if proper.").

In accordance with the foregoing, the Court therefore GRANTS Plaintiff's Midship's Motion to Substitute (Doc. No. 841), as follows:

- Rory Rother, as Successor Trustee of the Vincent N. Rother Revocable Trust, shall be substituted in place of Defendant Vincent N. Rother as to Tract No. CL-KI-0026.000.

- Plaintiff Midship shall serve a copy of its Motion, this Order, and a Notice of Commencement of Condemnation Action on Mr. Rother as Successor Trustee of the Vincent N. Rother Revocable Trust in accordance with the requirements in Rule 71.1(g) and Rule 71.1(d)(3) within 21 days of the date of this Order. Plaintiff Midship shall file a written notice with the Court certifying that service has been completed.

- Mr. Rother may file any objection on behalf of the Vincent N. Rother Revocable Trust to the relief ordered herein within 21 days of service.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge