UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MIDSHIP PIPELINE COMPANY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-18-858-G |
| ) | |
| **TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, et al.,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ORDER

Now before the Court is Plaintiff Midship Pipeline Company, LLC's ("Midship") Motion to Substitute (Doc. No. 826). Plaintiff Midship seeks to substitute the Estate of Betty Ann Lindheim (the "Estate") in place of Defendant Betty Ann Lindheim,[1] pursuant to Federal Rule of Civil Procedure 71.1(g). No party filed a response to the instant Motion within the time permitted or otherwise objected on the record to this substitution.

The Motion states that Plaintiff Midship joined Defendant Betty Ann Lindheim in this action as co-owner of the undivided fee of the tract of land identified as Tract No. GR-0127.010. The Motion states that Defendant Betty Ann Lindheim died in August 2018. On June 1, 2021, the District Court of Grady County, Oklahoma, appointed Benjamin

---

[1] The record indicates that Defendant Betty Ann Lindheim was also known as Betty Tovar, Betty Ann Tovar, and Betty Ann Lindheim Tovar. For the purpose of this Order, the Court shall refer to Defendant as Betty Ann Lindheim, inclusive of other known names for the same individual.

Bondurant as Personal Representative of the Estate. *See* Pl.'s Ex. 1 (Doc. No. 826-1).

Federal Rule of Civil Procedure 71.1(g) permits the substitution of a defendant in a condemnation proceeding "[i]f a defendant dies, becomes incompetent, or transfers an interest after being joined" upon motion and notice to the proposed substituted parties. Fed. R. Civ. P. 71.1(g). Plaintiff Midship attaches a proposed Notice of Commencement of Condemnation Action to the Motion, *see* Pl.'s Ex. 2 (Doc. No. 826-2), but the record does not reflect actual service in compliance with Federal Rule of Civil Procedure 71.1(d)(3).

The Court, nevertheless, finds good cause to grant Plaintiff's Motion. Plaintiff Midship represents that it engaged in settlement discussions with the proposed substitute party and that the proposed substitute party therefore has actual notice of these proceedings and the proposed substitution. Plaintiff can satisfy the formal notice requirements in Rule 71.1(g) and Rule 71.1(d)(3) following the entry of this Order. *See United States v. 0.17 Acres of Land*, Civil Action No. 7:09-cv-9, 2019 WL 13191644, at *2 (S.D. Tex. Feb. 28, 2019) ("[A]lthough, the Substitute Parties must be properly served, Rule 71.1(g) does not require that notice be served *before* the parties are substituted for a named defendant, if proper.").

In accordance with the foregoing, the Court therefore GRANTS Plaintiff's Midship's Motion to Substitute (Doc. No. 826) as follows:

- The Estate of Betty Ann Lindheim shall be substituted as a Defendant in this action in place of Defendant Betty Ann Lindheim as to Tract No. GR-0127.010.

- Plaintiff Midship shall serve a copy of its Motion, this Order, and its proposed Notice (Doc. No. 826-2) on Benjamin Bondurant as Personal Representative of

the Estate in accordance with the requirements in Rule 71.1(g) and Rule 71.1(d)(3) within 21 days of the date of this Order. Plaintiff Midship shall file a written notice with the Court certifying that service has been completed.

- Mr. Bondurant may file any objection on behalf of the Estate to the relief ordered herein within 21 days of service

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge