## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIDSHIP PIPELINE COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-18-858-G ) |
| TRACT NO. CN-0004.000, 1.504 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT IN CANADIAN COUNTY, OKLAHOMA, et al., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Now before the Court is the Commission's Report and Recommendations (Doc. No. 959), setting forth the Commission's just compensation recommendations for certain defendant landowners in this action. On March 6, 2023, counsel representing a group of remaining defendants ("Objecting Defendants") filed comments in response to the Commission's Report and Recommendations. *See* Doc. No. 960. Plaintiff Midship filed a Response (Doc. No. 962), and the Objecting Defendants filed a Reply (Doc. No. 966). Plaintiff Midship does not object to the Commission's Report and Recommendations.

I.   *Background*

Plaintiff Midship Pipeline Company, LLC ("Midship") initiated this condemnation action pursuant to Federal Rule of Civil Procedure 71.1 and the Natural Gas Act, 15 U.S.C. §§ 717a-z to obtain an order of condemnation against properties owned by defendants in Canadian, Kingfisher, Grady, Stephens, and Garvin Counties, Oklahoma, to acquire

permanent and temporary easements necessary for the construction and operation of a natural gas pipeline as authorized by the Federal Energy Regulatory Commission ("FERC") in the interest of public convenience and necessity. *See* Am. Compl. (Doc. No. 557).

On January 29, 2019, the Court held a hearing on Midship's motion for an order confirming condemnation authority and awarding immediate possession, which the Court granted on February 6, 2019. *See* Doc. No. 613. As of the date of the hearing, Midship had acquired 78% of the easements sought but had been unable to reach agreements with the remaining owners and interest holders of the property that would be burdened by the easements. *See id.* at 3-4.

Thereafter, Plaintiff Midship moved to appoint a commission to determine just compensation for the remaining property owners and interest holders pursuant to Federal Rule of Civil Procedure 71.1(h), which the Court granted on August 30, 2019. *See* Doc. No. 657. As of August 2019, Plaintiff Midship advised the Court that 93 tracts of land remained in this action that needed determination by the commission. *See id.* at 2. On October 9, 2019, the Court appointed Ryan Leonard, Geren Steiner, and James R. Minnix, to serve on the commission (collectively, the "Commissioners" and the "Commission"). *See* Doc. No. 666. On June 30, 2020, the Court entered an Order providing instructions for the Commission on the relevant law and procedures to be applied. *See* Doc. No. 708.

The Commission heard testimony and considered documentary and other evidence and arguments presented and introduced during hearings held on May 22 and 23, 2022, and August 15 through 17, 2022, to determine just compensation due to the defendants

who had not reached agreement with Plaintiff Midship as to the amount of just compensation for easements to their respective properties. *See* Commission's Report and Recommendation (Doc. No. 959) at 2. The Commission advises that it provided due notice to the remaining defendants of the scheduled hearings and that the remaining defendants did not appear and participate in the hearings. *See id.* at 5. Plaintiff Midship provided evidence at the hearings in the form of expert testimony from real estate appraisers, plats, and drawings. *See id.* at 5-8.

The Commission issued its Report and Recommendations as to the 42 remaining defendant landowners that had not reached agreement with Plaintiff Midship, which was filed on February 16, 2023. *See id.* The Commission reported specific findings as to each remaining defendant and summarized its just compensation recommendations as to all remaining defendants in Appendix A attached to the Report and Recommendations. *See id.* at 8-68, 70-77.

I. Discussion

The Objecting Defendants raise one substantive objection to the Commission's Report and Recommendations. Although acknowledging that "the landowners chose to proceed in absentia" and "cannot challenge the outcome," the Objecting Defendants generally object that the just compensation recommendations are "paltry" relative to the "multi-billion dollar value" of the pipeline project. *See* Defs.' Comments (Doc. No. 960) at 3.

The Court instructed the Commission to determine the just compensation owed by Plaintiff Midship to each landowner affected by the taking of easements in this action. *See*

Order and Instructions (Doc. No. 708) at 6. "Just compensation," as defined by the Court, is "the amount of money that will make the Defendant Landowner whole—that is, the amount of money that will put the person whose property has been taken in as good a position as the person would have been had the taking not occurred." *Id.* at 11. In this case, just compensation included (1) the fair market value of the taken property as of the date of the taking, February 8, 2019, and (2) injury to remaining property, property outside of the easements that may have decreased in value due to the taking. *See id.* at 11-13.

The Commission properly followed the Court's instructions in rendering its just compensation recommendations, and the Objecting Defendants do not argue otherwise. The Objecting Defendants, moreover, do not argue that the Court improperly instructed the Commission on the methodology for determining just compensation. The Objecting Defendants offer no legal authority supporting the proposition that an award for just compensation must account for the future economic value of the project for which the land was condemned. The Court therefore finds no merit to this objection.

Accordingly, having reviewed the Commission's Report and Recommendations, and in consideration of the record in this case, IT IS HEREBY ORDERED that the Commission's Report and Recommendation (Doc. No. 959) is ADOPTED.[1] The Objecting Defendants raise two additional requests in their comments, which the Court will address below.

---

[1] The Commission's Report and Recommendations, and accordingly this Order, do not address or render any determination as to any damage caused by negligent construction, if any, or any damage caused by the failure, if any, of Plaintiff Midship to follow or implement any required remediation plan.

4

*A. Prejudgment Interest*

The Objecting Defendants argue that the Court should award additional prejudgment interest to the awards recommended in the Commission's Report and Recommendations. *See* Defs.' Comments (Doc. No. 960) at 3-4.

"[W]hen property is taken by a condemnor prior to payment of just compensation, the condemnor has an obligation to pay interest on the value of the property until just compensation is ultimately paid to the owner." *N. Nat. Gas Co. v. Approx. 9117 Acres in Pratt, Kingman, and Reno Cntys.*, 114 F. Supp. 3d 1144, 1149 (D. Kan. 2015), *rev'd in part on other grounds*, *N. Nat. Gas Co. v. L.D. Drilling*, 862 F.3d 1221 (2017). "[I]f disbursement of the award is delayed, the owner is entitled to interest thereon sufficient to ensure that he is placed in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10 (1984). It is therefore "apparent that identification of the time a taking of a tract of land occurs is crucial to determination of the amount of compensation to which the owner is constitutionally entitled." *Id.* at 11.

The Court has previously found that the taking here occurred on February 8, 2019, the date Plaintiff Midship deposited funds into the Court's registry and posted a surety bond equal to the deposited funds, which entitled Plaintiff Midship to take immediate possession of the easements. *See* Order and Instructions (Doc. No. 708) at 11; *see also* Doc. Nos. 613, 614, 616, 617. Plaintiff Midship proposes that the Court order that defendants are entitled to receive the interest equal to the interest that has been accruing on the funds deposited in the Court's registry since deposit. The Objecting Defendants

5

generally urge that the Court should apply "federal treasury bill rates" to the awards in the Commission's Report and Recommendations because such a rate would be higher than "state interest rates." *See id.* at 4. The Objecting Defendants, however, do not supply any supporting authority for their suggested interest rate, explain what the applicable state interest rate would be, or take a position as to when interest would begin to accrue.

In consideration of the forgoing, the Court finds that the defendant landowners are entitled to the interest that has been accruing on the deposited funds in the Court's registry from the date of deposit through the date of judgment in this case. Such interest reflects actual interest accrued during the relevant timeframe and is adequate to compensate the defendant landowners for the loss of use of the awarded sums during the pendency of the just compensation determination.

### B. *Procedures for Payment*

The Objecting Defendants request that Plaintiff Midship make arrangement to effect payment of awards to the defendant landowners. *See* Defs.' Comments (Doc. No. 960) at 5. In response, Plaintiff Midship argues that the landowner defendants should move the Court to withdraw their awards from the security funds deposited in the Court's registry. Plaintiff Midship argues that the Order for Security (Doc. No. 614) governs and prescribes that each defendant landowner must move to withdraw their portion of funds.

The Court disagrees. The Order for Security required that Plaintiff Midship deposit funds to secure an ultimate award and protect the interests of the defendant landowners pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1). *See* Order for Security (Doc. No. 614) at 1-2. The Order for Security further provided a procedure for

defendant landowners to withdraw funds from the security deposit prior to final determination of just compensation provided that the defendant landowner satisfied certain conditions and subject to the condition that the defendant landowner must return excess funds in the event that the final award exceeded the withdrawal. *See id.* at 2-3. The Order for Security, however, does not address or prescribe any procedure for payment by Plaintiff Midship of final just compensation awards.

Plaintiff Midship, as the condemnor in this action, remains ultimately responsible for ensuring that defendant landowners receive just compensation for the takings. The Court therefore ORDERS that counsel for Plaintiff Midship and counsel for the Objecting Defendants meet and confer within 30 days of the date of this Order to attempt to work out a reasonable process for effecting payment of the final just compensation awards set forth in the Commission's Report and Recommendations. The parties may contact the Clerk of Court to obtain an accounting of accrued interest on the security funds deposited in the Court's Registry.

IT IS FURTHER ORDERED that Plaintiff Midship shall submit a proposed judgment as to the remaining defendants entitled to receive just compensation awards under the Commission's Report and Recommendations.

IT IS FURTHER ORDERED that Plaintiff Midship shall submit a written status report within 30 days of the date of this Order, advising the Court as to the status of all claims by defendant landowners under the initial condemnation and taking authorized in this action. Specifically, Plaintiff Midship shall certify, if applicable, that all known

defendant landowners affected by the initial condemnation and taking have reached settlement agreements or received an award of just compensation by the Commission.

IT IS FURTHER ORDERED that Plaintiff Midship shall submit a written status report as to the status of the temporary workspace extensions sought in the Fourth Amended Complaint for assessment of required restoration and performance of such restoration work. Specifically, Plaintiff Midship shall address the status of restoration efforts and advise the Court as to Plaintiff Midship's position on whether the Commission appointed in this action will need to make further just compensation determinations as to the temporary workspace extensions.

IT IS SO ORDERED this 29th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge